## Case No. 16,755a.

### UNITED STATES v. WOOD.

[N. Y. Herald, Jan. 13, 1840.]

District Court, S. D. New York. Jan. 11, 1840.

IMPRISONMENT FOR DEBT — ACT ABOLISHING — DEBTS FRAUDULENTLY CONTRACTED — DUTIES ON IMPORTS.

[1. The act of congress abolishing imprisonment for debt applies to any continuing imprisonment or detention under arrests made prior to its enactment.]

[2. Money due the United States as duties on imports is a debt fully contracted immediately on the importation of the goods. Therefore fraud of the importer in inducing the government to accept less than the whole sum due does not make the balance a debt fraudulently contracted, so as to subject importer to arrest in a civil suit to recover such balance].

[Cited in brief in U. S. v. Hewes, Case No. 15,359.]

[This is an action of debt by the United States against Samuel Wood to recover the duty on certain importations.]

The defendant's counsel moved the court to discharge his client from the sureties he had entered into, in the civil suits which had been instituted by the district attorney, for the recovery of certain duties alleged to be due to the government. Wood was tried on an indictment for perjury. In that case the court had released his bail. [Case No. 16,751.]

## Case No. 16,756.

### UNITED STATES v. WOOD.

[3 Wash. C. C. 440.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1818.

ROBBING MAIL—EVIDENCE AT FORMER TRIAL— LIST OF WITNESSES—"PUTTING IN JEOPARDY."

1. Indictment for aiding and assisting in the robbery of the mail; putting the life of the carrier in jeopardy, by means of dangerous weapons; and for robbing the mail.

2. What a witness (since dead) swore at the former trial of this indictment, may be proved by a person who was present, and heard his testimony; provided he can repeat the testimony as the witness gave it, and not merely what he conceives to be the substance of it. He may refresh his memory from notes, taken at the time; or from a newspaper, printed by him, containing the evidence as taken down by himself.

[Cited in U. S. v. Macomb, Case No. 15,702; U. S. v. Angell, 11 Fed. 42.]

[Questioned in Iglehart v. Jernegan, 16 Ill. 521; Cited in Barnett v. People, 54 Ill. 330; State v. Wilson, 24 Kan. 195. Disapproved in Young v. Dearborn, 22 N. H. 376. Cited in Com. v. Richards, 18 Pick. 438, 440; Summons v. State, 5 Ohio St. 345. Cited in brief in Marsh v. Jones, 21 Vt. 380; Earl v. Tupper, 45 Vt. 281.]

3. The 28th section of the act of congress for punishing certain crimes, passed April 30, 1790 [1 Stat. 118], which requires a list of the witnesses to be delivered to the prisoner, three days before the trial, is confined to treason; nothing more being required, in any other capital offences, than the delivery of a copy of the indictment and a list of the jurors.

[Cited in U. S. v. Van Duzee, 140 U. S. 173, 11 Sup. Ct. 760.]

4. Upon an indictment for robbing the mail, and putting the life of the mail-carrier in jeopardy; a sword or pistol, in the hand of the robber, by terror of which the robbery is effected, is a dangerous weapon, within the law, although the sword be not drawn, and the pistol be not pointed. It is not necessary to prove, that the pistol was charged; it is presumed to be so, until the contrary is proved.

[Approved in U. S. v. Wilson, Case No. 16,730.]

The prisoner [William Wood] was indicted again, for aiding and assisting in the robbery of the mail, putting the life of the carrier in jeopardy, by the means of dangerous weapons. 2d. For simply robbing the mail. The evidence was nearly the same as that given upon the former indictment [see Case No. 16,757,] except that Joseph Hare, who was examined as a witness, in behalf of the prosecution, had since died.

Mr. Bache was offered as a witness, to prove what Hare swore at the former trial. This was objected to.

BY THE COURT. The evidence is admis-

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

sible, provided the witness can repeat the testimony which Hare gave, and not merely what he conceives to be the substance and effect of it, of which the jury ought alone to judge. He may refresh his memory from notes, which he took of the evidence at the trial, or from a newspaper, printed by himself, containing the evidence of Hare, as taken down by the witness; but he must be sure of the accuracy of the statement, from his own recollection, and not merely from a confidence in the accuracy of the statement to which he refers.

The witness acknowledged, that he could not say that he recollected the words of Hare, although he felt the most entire confidence that he had taken them down as the witness uttered them, and that they are truly copied into the paper published under his own inspection.

The court refused to suffer him to be examined.

Another objection was made to the examination of this witness—that the prisoner had not received a list of the witnesses, in which the name of this one was mentioned, as required by the 29th section of the act for punishing certain crimes, &c. 2 [Bior. & D.] Laws, 98 [1 Stat. 118].

BY THE COURT. The part of that section which requires a list of the witnesses to be delivered to the prisoner, three days at least before the trial, is expressly confined to cases of treason; the same section, immediately afterwards, requiring nothing more than a copy of the indictment, and list of the jurors, to be delivered in other capital offences.

The charge delivered by WASHINGTON, Circuit Justice, was in substance the same as on the former trial; except, that he stated, as the opinion of the court, the following principles, in relation to the construction of the 19th section of the post office law (4 [Bior. & D.] Laws, 297 [2 Stat. 598]): (1) That a sword or a dirk, in the hands of the robber, by means and under terror of which the carrier is robbed of the mail, is a dangerous weapon within the meaning of the act, although not drawn or pointed at the breast of the driver at the time. (2) A pistol in the hands of the robber, by means and terror of which the carrier is robbed of the mail, is a dangerous weapon; and it is not necessary to prove that it was charged;—the presumption is, that it was so, until the contrary is proved. But in this case, this presumption assumes the form of positive proof, the demand of the mail having been accompanied by a threat to blow out the brains of the carrier, if he refused to deliver it; which could not have been effected, unless the pistols were charged, and in all respects prepared to endanger life.

The jury found the prisoner guilty upon the third count, as accessary to a simple robbery of the mail.