SIMON JACKSON vs. JOSEPH SOUDE, BY P. P. THOMASSON, HIS
GUARDIAN.

*Certiorari.*

What a witness who is since dead, testified in a former action between the same parties, when the same point was in issue, may be proved in a second action by one who heard him give evidence.

But the witness must be competent to speak to the whole, and not to a part only of the testimony of deceased witness.

*Quære,* If the second witness must be required to repeat the very words or the substance only of such testimony ?

### By BERRIEN, Judge.

THIS is an application to reverse a judgment rendered in the Mayor's Court of the city of Savannah.

In the progress of the cause before that Court, two trials were had. On the first trial, John Lawson Esquire, late a counsellor of this Court, was sworn as a witness for the plaintiff, and testified to certain facts material to his recovery. In the interval between this and the second trial, Mr. Lawson died—and upon this last trial, the plaintiff offered a witness to prove the facts sworn to by Mr. Lawson on the first trial, which evidence was rejected by the Mayor upon the grounds,

1st. That the testimony given by Mr. Lawson, was not reduced to writing at the time it was delivered.

2d. That the witness tendered, offered to prove the substance of the direct testimony only, and not of that delivered on the cross examination. .

It has been long settled, that what a witness who is since dead testified on a former action between the same parties, when the same point was in issue, may be proved in a second action by one

who heard him give evidence.   But evidence of this sort is receiv-
ed from necessity.   It is a departure from general law of evi-
dence, which requires the viva voce examination of witnesses,
and must be restrained within the limits prescribed for it by
authority and precedent.   The principal difficulty which arises
in the practical application of this rule of evidence, does not
occur here ; it results from the question whether the second wit-
ness may be permitted to speak to the substance of what was
sworn to by the first, or shall be required to recollect and repeat
his very words.   The latter proposition is supported with much
plausibility by the argument, that the Jury alone can judge of the
effect of the words—and that they might attach to the words of
the first witness a very different interpretation from that which is
given to them by the second.   But it is opposed by the conside-
ration, that such a limitation of the rule would render it almost
wholly inoperative, since even in the case of cotemporaneous
written notes of evidence, few persons would consent to swear
that such notes contained the very words of the witnesses.   And
still less, would a conscientious man, relying upon memory mere-
ly, undertake to repeat precisely the words of a witness.   What
further embarasses the question, is, that the rule has been so limit-
ed in the only cases with which I have been enabled to meet, in
which this particular point came under consideration.   While on
the other hand, the substance and effect of what was sworn to by
a witness, has been testified by succeeding witnesses in various
cases in which this particular objection has not been raised.*
But this difficulty does not occur here, the Mayor was willing to
receive the substance of what was sworn to by Mr. Lawson on

---

* The very words of the witness must be sworn to.   Lord Palmerston's case, cited by Lord
Kenyon. in Rex vs. Joliffe, 4 *Term Rep.* 290.   Ennis vs. Donisthorne, *Corn. Sum. Ass.* 1789.
Ms. 1 *Ph. Ev.* 274.   U. S. vs. Wood, 3 *Wash. C. C. Rep.* 440.   Wilbur vs. Selden, 6 *Cowen*
162, Ballenger vs. Barnes, 3 *Devereux*, 460.   Bowir vs. O'neal, et. al. 5 *Harr. & Johns.* 266.
And see Bliss vs. Long, 357.   Smith vs. Smith, *Wright's (Ohio) Rep.* 643.   But *contra*, Caton,
et. al. vs. Lennox, et. al.   5 *Rand.* 31.   Cornell vs. Green.   10 *Serg. & Rawl.*   14 and see note 1
to *Am. Ed. of Roscoe's Crim. Ev.* p. 50.   *Ed.*

the former trial—but required the substance of his whole testimo·
ny—that given under the cross as well as the direct examination.
Now whatever opinion may be entertained upon the first point,
this requisition was certainly a correct one.   The answers given
by the witness under his cross examination, constitute a part of
his evidence as much as those extracted from him by the direct
interrogatories—and are frequently indispensable to the perfect
apprehension of that evidence.   The Jury were entitled to judge
upon the whole evidence.   Suppose the witness tendered had
offered to prove a single fact sworn to by Mr. Lawson, without
being enabled to recollect the residue of his direct examination,
would not such witness have been obviously incompetent, and
since the answers given under the direct and cross examination
together constitute the evidence of the witness, of what impor-
tance is it whether the defect of recollection relates to the one or
to the other?   The importance of the cross examination will fur-
ther appear from the consideration that cross interrogatories are
framed for the purpose of testing the correctness of the direct
narration, or to shew the existence of circumstances, calculated
to defeat or avoid the effect of such representation.   Suppose a
witness on his direct examination to prove the execution of a
bond—and when cross examined to state that execution under
such circumstances as would in law amount to *duress,* and would
therefore operate an avoidance of the deed—and the importance
of requiring from one who should thereafter undertake to detail
the testimony of such witness, the substance of his cross as well
as of his direct examination, will appear to be as it is, really abso-
lute and indispensable.   It would of course be a sufficient answer
to this objection to prove that the party having the right to cross
examine declined exercising it, so that in fact the witness was not
cross examined,—but in the absence of such proof, and the tran-
script does not shew that any such proof was tendered for aught
that appears to the Court, the testimony offered, was part, not the
whole of the evidence delivered by the first witness, and was there-

fore very properly rejected.* The result of this opinion is that upon the certiorari granted in this case, judgment must be for the defendant and a procedendo be awarded, all which the Clerk will certify accordingly.

For the application—MYERS and NICOLL.

---

* The whole examination in chief and in cross must be given. Wolf vs. Wyeth. 11 *Serg*. and *R*. 149. *Ed*.