JAMES H. ALLEN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

</div>

1. ASSAULT TO INFLICT BODILY INJURY—*sufficiency of indictment.* An indictment averring that the defendant, on, etc., at, etc., with a deadly weapon, to-wit: a certain pistol, upon the person of one C D, with force and arms, did then and there unlawfully make an assault, with the intent then and there unlawfully to inflict upon the person of the said C D a bodily injury, no considerable provocation then and there appearing, contrary, etc., is sufficient. It is not necessary to aver that the pistol was loaded, that being a matter of evidence.

2. SAME—*provocation.* Where the defendant was chasing sheep from his premises with a dog, and a boy seventeen years old shot the dog with a revolver, upon which a scuffle ensued between the defendant and the boy, in which the defendant got the revolver, and struck the boy several severe blows on the head, it not appearing to have been in self-defense, it was *held,*

that the jury could not do otherwise than find the defendant guilty of an assault with intent to inflict a bodily injury.

3. INDICTMENT — *sufficiency in general.* Every indictment, under the statute, shall be deemed sufficiently technical and correct which states the offense in the language of the act creating the same, or so plainly that the nature of the offense may be easily understood by the jury.

WRIT OF ERROR to the Circuit Court of Lake county; the Hon. THEO. D. MURPHY, Judge, presiding.

Mr. ALLAN C. STORY, for the plaintiff in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment, in the circuit court of Lake county, against the plaintiff in error, under section 25, chapter 38, Revised Statutes of 1874, page 355, which provides that "an assault with a deadly weapon, instrument or other thing, with intent to inflict upon the person of another a bodily injury, where no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant heart, shall subject the offender to a fine not exceeding $1000, nor less than $25, or imprisonment in the county jail for a period not exceeding one year, or both, in the discretion of the court."

The second count of the indictment under which the defendant was convicted avers that, on a certain day and year, the defendant, at and in the county aforesaid, with a deadly weapon, to-wit: a certain pistol, upon the person of one Charles Davidson, with force and arms, did then and there unlawfully make an assault with the intent then and there unlawfully to inflict upon the person of the said Charles Davidson a bodily injury, no considerable provocation then and there appearing, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the people of the State of Illinois.

It is insisted by the defendant that the indictment is insufficient to sustain the judgment; that the pleader was bound not only to aver that the pistol was a deadly weapon, but he was

required to state facts which would of themselves show the instrument with which the assault was made to be a deadly weapon. The averment in the indictment is specific that the assault was made with a deadly weapon—a pistol; and we can not well understand that anything more could be required of the pleader. To aver that the pistol was loaded, or that it was an instrument of such size and weight as to be a deadly weapon, in the hands of a strong man, who might desire to use it for the purpose of striking a blow, would be, in effect, pleading the evidence which was necessary to be introduced on the trial in order to obtain a conviction. When the pleader averred that the assault was made with a certain instrument, and averred that instrument to be a deadly weapon, the demands of the law were fully answered.

The case of *The State* v. *Seaman,* 1 Green, 418, is in point, where the Supreme Court of Iowa held an indictment good where it alleges the assault to have been made with a deadly weapon, without any other description of the instrument.

But if there was any doubt in regard to the question, that provision of our criminal code which declares that every indictment shall be deemed sufficiently technical and correct which states the offense in the terms and language of the act creating the offense, or so plainly that the nature of the offense may be easily understood by the jury, would seem to relieve the subject from all controversy. The offense is not denied to have been charged in the language of the statute, and such has been held sufficient so long in this State, that it has become an established rule of criminal pleading. See *Lyons* v. *The People,* 68 Ill. 271, and cases there cited.

It is next urged by the plaintiff in error that the verdict is against the evidence and the law, and that the jury were improperly instructed. It appears, from the testimony contained in the record, that certain sheep belonging to one Davidson were trespassing upon land in the possession of the defendant; that the defendant was chasing the sheep with his dog, when Charles Davidson, a boy seventeen years old, shot the dog with a revolver. A scuffle then ensued between the

defendant and the boy, in which the defendant obtained the
revolver, and with it inflicted a number of severe blows on
the head of the boy. The evidence entirely fails to show that
the blows inflicted were in necessary self-defense of the defend-
ant. While the boy, Charles Davidson, had no right to shoot
the defendant's dog, and might be held liable for his conduct,
in an appropriate action, yet the defendant had no right to
take the law in his own hands and redress any real or supposed
grievances which he might have, by the infliction of severe
punishment by striking or in any manner beating the prose-
cuting witness, Charles Davidson. The law affords ample pro-
tection to every citizen for a violation of every right, and
under no circumstances can he take the law into his own
hands, except in the necessary self-defense of his property or
person, and then only sufficient force can be used for the pro-
tection of the former or safety of the latter.

The assault in this case, so far as we understand the evi-
dence, was not warranted by the surrounding circumstances,
and the jury, having due regard to their duty, could not have
done otherwise than rendered a verdict of guilty.

Exceptions were taken to the giving and refusing instruc-
tions, but we perceive no substantial error in the ruling of the
court in this regard. The instructions that were given on
behalf of the defendant presented the law involved in the
defense fairly to the jury; and if it be true that some of the
refused instructions contained correct propositions of law, the
defendant was not prejudiced by their refusal. The substance
of defendant's second refused instruction was embraced in
instruction No. 1, which was given. The other refused instruc-
tions were calculated to mislead the jury, and it was not error
to refuse them.

After a careful consideration of the whole record, we are
satisfied the law was fairly given to the jury by the court, and,
as the evidence warranted the finding, we perceive no ground
upon which we can disturb the judgment. It will therefore
be affirmed.

*Judgment affirmed.*

BREESE, WALKER and DICKEY, JJ., dissenting: We think the second instruction asked by defendant, and refused, ought to have been given, and that proofs show considerable provocation.