COMMONWEALTH *vs.* DANIEL McCORMICK & others.

Worcester. Nov. 22, 1880. — Jan. 5, 1881. LORD & SOULE, JJ., absent.

It is no bar to an indictment against several persons jointly, that, at a previous term of court, after a jury was empanelled and the trial begun, the judge, without the consent of the defendants, stopped the trial, and took the case from the jury, because one of the jurors was found to be surety upon a recognizance entered into by one of the defendants before the trial.

COLT, J. The defendants were jointly indicted for an assault and battery. They severally pleaded, in substance, that at a previous term of court a jury was empanelled and a trial begun, which, without their consent, was stopped by the court, and the case taken from the jury, because one of the jurors was found to be surety upon a recognizance entered into by one of the defendants in this case. The several pleas of the defendants were overruled on demurrer; and, after a verdict of guilty against all, the case is reported for the consideration of this court. The defendants contend that, upon the facts pleaded, it is apparent that they have been once put in jeopardy for the same offence, and are therefore entitled to be discharged from further prose cution.

When a jury has been sworn to try the issue and the trial has been commenced, the jeopardy to which the defendant is exposed is held to have begun, and the prosecuting officer will not, pending the trial, when a verdict is demanded by the prisoner, be permitted to enter a *nolle prosequi* for the purpose of subjecting him to another trial for the same cause. *Commonwealth* v. *Scott*, 121 Mass. 33. *Commonwealth* v. *Tuck*, 20 Pick. 356. *Commonwealth* y. *Kimball*, 7 Gray, 328. The government chooses its own time, and cannot for its own convenience discontinue the proceedings and still hold the prisoner for trial. The principle is embodied in the common-law maxim that no man is to be brought into jeopardy more than once for the same offence. 4 Bl. Com. 335. It is a rule which has been applied with manifest justice by the courts in this country for the protection of persons charged in prosecutions for either felonies or misdemeanors, and it has been said that its true meaning is, that no man shall be twice tried for the same offence. *People*

v. *Goodwin,* 18 Johns. 187, 201. *United States* v. *Perez,* 9 Wheat. 579.

From the necessity of the case, however, there must be many exceptions to the rule. Thus, it is held not to apply when the trial comes to an end by the sickness or death of a juryman; *Rex* v. *Edwards,* 4 Taunt. 309; *United States* v. *Haskell,* 4 Wash. C. C. 402; or the illness of the judge; *Nugent* v. *State,* 4 Stew. & Port. 72; or the expiration of the term of the court; *Newton's case,* 13 Q. B. 716, and 3 Cox C. C. 489; or the impossibility of obtaining an agreement of the jury within a reasonable time, or without physical coercion; *United States* v. *Perez,* above cited; *Commonwealth* v. *Bowden,* 9 Mass. 494; *Commonwealth* v. *Purchase,* 2 Pick. 521; *Commonwealth* v. *Sholes,* 13 Allen, 554; or, in short, whenever the case cannot be proceeded with by reason of some physical or moral necessity arising from no fault or neglect of the government. When such is the case, the trial may be stopped, and the defendant will not be protected from being afterwards tried upon the same indictment.

In *United States* v. *Perez,* above cited, where the question was as to the power of the Circuit Court to discharge a jury in a capital case, and then subject the defendant to another trial, the exceptions to the rule are laid down more broadly, and it is said by Mr. Justice Story, " that, in all cases of this nature, the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." This is affirmed and elaborated in *United States* v. *Morris,* 1 Curtis, C. C. 23, where it was decided that, although neither party has a right of challenge after a jury is sworn, yet it is in the discretion of the court to protect the administration of justice by investigating at any stage of the trial an objection to the impartiality of any juror, and by withdrawing the case from the jury if such juror is found unfit to sit therein. In the case cited, the court, against the prisoner's objection, withdrew a juror who was found after the trial was commenced to have a bias in the case, and Mr. Justice Curtis declared it to be " a mistake to suppose that, in a court of justice, either party can have a vested right to a corrupt or prejudiced juror who is not fit to

sit in judgment in the case." See also *People* v. *Olcott*, 2 Johns. Cas. 301.

It is not contended that this power is given to the court to be exercised arbitrarily, or without good cause to believe that interference is necessary to prevent great injustice to one side or the other. It is to be used alike for the protection of the public and for the security of the prisoner in his right to an impartial trial; alike when the juror is so biased either against the prisoner or against the government that he is disqualified to serve upon the panel.

In the case at bar, upon the facts disclosed in the pleadings, it would seem that one of the jurors had a direct interest in securing the acquittal of all the defendants. At all events, it does not appear that the interest of the juror to obtain the release of one would not necessarily, as the case stood upon the evidence, incline him to secure the release of all. The objection to his competency or impartiality is not alleged to have been actually known to or in any way waived by the government when the jury was empanelled. The prosecuting officer cannot be said to be affected with constructive notice that the juror who was sworn was the same person who was surety in the recognizance. Nor was the government, when the fact was discovered, required to discharge the recognizance in order that the trial might proceed with a juror thus improperly upon the panel. It cannot be said, as matter of law, that the judge was not justified in stopping the trial, on the ground that the ends of public justice were liable to be defeated if the case was allowed to proceed to a verdict.                    *Judgment on the verdict.*

*F. A. Gaskill & B. W. Potter*, for the defendants.

*G. Marston*, Attorney General, *& F. H. Gillett*, Assistant Attorney General, for the Commonwealth.