COMMONWEALTH *vs.* ROBERT J. CODY.

Suffolk.    November 25, 1895. — January 3, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Petition to prove Exceptions — Criminal Procedure — Indictment — Constitutional Law — Trial — Presence of Defendant at Hearing to prove Exceptions.*

The judge, in his discretion, may discharge a jury in a criminal case where it is unable to agree, and the defendant may be tried again by another jury.

The pendency of an indictment is no ground for a plea in abatement to another indictment in the same court for the same cause ; nor is it a ground for a plea in bar, nor for a motion in arrest of judgment.

In an indictment under Pub. Sts. c. 202, § 22, for robbery, the defendant being "armed with a dangerous weapon, to wit, a pistol, with intent," if resisted, to maim and kill, it is not necessary to allege how the weapon was used or intended to be used.

It is sufficient, in an indictment under Pub. Sts. c. 202, § 22, for robbery, to allege that the defendant was "armed with a dangerous weapon, to wit, a pistol," without other allegations to show in what way it was dangerous.

The provisions of Article XII. of the Declaration of Rights, which secure to the accused person the right to have his crime or offence "fully and plainly, substantially and formally, described to him," only require such particularity of allegation as may be of service to him in enabling him to understand the charge and to prepare his defence.

If an indictment contains three counts, the first charging robbery, the second charging larceny in a building, and the third charging the defendant with being an habitual criminal, and at the trial evidence relating to the third count is introduced by the government and then withdrawn from the consideration of the jury, who are carefully instructed not to regard any of it, and the case goes to the jury on the first count only, upon which a verdict of guilty is returned, the defendant has no ground for a new trial.

That the defendant in a criminal case was not present personally at the hearing, before a commissioner appointed by this court, of a petition to prove exceptions

alleged by him at the trial, is not error, unless he desired to be present, or to be heard in person, or to testify in his own behalf.

If, after this court has passed upon the questions of law raised by a bill of exceptions, the truth of which is sought to be proved, it appears that the bill alleges exceptions to be saved where none were taken at the. trial, omits important qualifying statements where exceptions were taken at the trial, and differs materially from that proved and is manifestly unfair, the court is not called upon to consider the matter further.

PETITION, to establish the truth of exceptions alleged by the defendant and disallowed at the trial of an indictment containing three counts, the first of which was as follows:

" The jurors for the Commonwealth of Massachusetts on their oath present that Robert J. Cody, otherwise called Robert Dalton, otherwise called Robert J. Davis, otherwise called Robert Davin, of Boston aforesaid, on the thirtieth day of November, in the year of our Lord one thousand eight hundred and ninety-three, at Boston aforesaid, with force and arms, in and upon one Albert E. Chadbourne, feloniously did make an assault, and the said Chadbourne, in bodily fear and danger of his, said Chadbourne's life, then and there feloniously did put, and divers promissory notes current as money in said Commonwealth of the amount and of the value in all of one hundred dollars, a more particular description of which is to said jurors unknown, divers coins of the United States current as money in said Commonwealth, of the amount and of the value in all of seventeen dollars and fifty cents, a more particular description of which is to said jurors unknown, of the property, goods, and chattels of the said Chadbourne, from the person and against the will of the said Chadbourne then and there feloniously and by force and violence did rob, steal, take, and carry away, the said Cody, so otherwise called as aforesaid, being then and there armed with a dangerous weapon, to wit, a pistol, with intent, if then and there resisted by the said Chadbourne, the said Chadbourne then and there to maim and kill. Against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

The second count charged the defendant with breaking and entering with intent to commit larceny, and larceny in a building, on November 28, 1894, at Boston; and the third count charged two prior convictions and commitments, in accordance

with St. 1887, c. 435, for the punishment of habitual criminals. The facts material to the points decided appear in the opinion.

*F. F. Sullivan,* ( *C. P. Sullivan* with him,) for the petitioner.

*M. J. Sughrue,* First Assistant District Attorney, for the Commonwealth.

LATHROP, J. This is a petition to prove exceptions. The petitioner was convicted on the first count of an indictment containing three counts, the second and third counts having been abandoned by the government at the close of the evidence, and before the case was submitted to the jury. The petitioner duly filed a bill of exceptions, which the Chief Justice of the Superior Court, who presided at the trial, disallowed, at the same time allowing a substitute bill of exceptions, if the petitioner chose to adopt it by a certain time. This substitute bill was not .adopted, and the present petition was filed in this court. It was referred to a commissioner, who has made his report; and his findings are in substance against the petitioner.

The commissioner has found that the first seven paragraphs of the petitioner's bill are true, and that they do not differ materially from those in the bill which the judge was willing to allow, except that the latter bill did not allude to the proceedings upon a motion for a new trial, and that these are correctly stated in the petitioner's bill, so far as the same are now relied upon.

By the direction of the court, the questions arising on the petition to prove the exceptions, and on the exceptions, if proved, were argued together.

At the request of the petitioner's counsel we have examined the stenographer's report of the evidence, and are satisfied with the correctness of the commissioner's findings.

1. The first exception relates to a plea in bar to which the government filed a demurrer which was sustained by the court. The plea set forth that on a previous indictment for the same offence the petitioner was tried, and the jury, not being able to agree, were discharged against his will and consent; that a second indictment was subsequently found for the same offence; and after this the indictment was found for which he is now on trial, the last two indictments being in substance the same as the first except that they contain the words " maim and." It is

further alleged that the petitioner had been once placed in jeopardy, and should not have been tried again.

We are of opinion that the ruling of the court below was right. It is well settled in this Commonwealth that the court in its discretion may discharge a jury where it is unable to agree, and that the person accused may be tried again by another jury. *Commonwealth* v. *Bowden*, 9 Mass. 494. *Commonwealth* v. *Purchase*, 2 Pick. 521. *Commonwealth* v. *Roby*, 12 Pick. 496, 503. See also *Commonwealth* v. *Sholes*, 13 Allen, 554; *Commonwealth* v. *McCormick*, 130 Mass. 61; *United States* v. *Perez*, 9 Wheat. 579; *Winsor* v. *The Queen*, L. R. 1 Q. B. 289, 390.

The petitioner, however, contends that, if he could be tried again on the first indictment, he could not be tried upon the last indictment. But the pendency of an indictment is no ground for a plea in abatement to another indictment in the same court for the same cause. *Commonwealth* v. *Drew*, 3 Cush. 279. Nor is it ground for a plea in bar. *Commonwealth* v. *Berry*, 5 Gray, 93. Nor for a motion in arrest of judgment. *Commonwealth* v. *Murphy*, 11 Cush. 472.

2. The petitioner also filed a motion to quash the first count of the indictment. The principal objections urged to the form of this count are, that, while it is charged that the accused at the time of committing the offence was "armed with a dangerous weapon, to wit, a pistol, with intent," etc., it is not charged that the pistol was capped, loaded with ball, powder, or cartridges, or capable of being discharged; nor that the pistol was aimed at the person named in the indictment, or discharged, or used as a fire-arm or club; nor does it appear that the pistol was a dangerous weapon.

This count in the indictment is framed under the Pub. Sts. c. 202, § 22, which was first enacted by the St. of 1818, c. 124, § 1, and has since been in force, with the exception that the punishment, which was by this statute death, was reduced by the St. of 1839, c. 127, to imprisonment in the state prison for life. Rev. Sts. c. 125, § 13. Gen. Sts. c. 160, § 22. Soon after the passage of the St. of 1818, a case arose under it, and an indictment was framed, to which the one in the case at bar conforms, and under which the prisoner was convicted and exe-

cuted.   *Commonwealth* v. *Martin*, 17 Mass. 359.   This has been
a recognized form ever since.   Davis's Prec. of Indict. No. 203.
Train & Heard's Prec. of Indict. 461, 462.   Whart. Prec. of
Indict. (4th ed.), 411, 412.   It has also been used in *Common-
wealth* v. *Gallagher*, 6 Met. 565, and in *Commonwealth* v. *Mowry*,
11 Allen, 20.

We have no doubt that the indictment is sufficient in form.
The gist of the offence is the being armed with a dangerous
weapon; *Commonwealth* v. *Mowry*, *ubi supra ;* where it was
held not to be necessary to allege either that the assault was
committed with the dangerous weapon, or that the intent to kill
or maim was to be carried out, in case of resistance, by means
of such dangerous weapon.   The indictment does not allege an
assault with a pistol; and therefore it is unnecessary to allege
how the weapon was used or intended to be used.

The remaining question is whether it is sufficient to charge
that the petitioner was armed with a dangerous weapon, to wit,
a pistol, without other allegations to show in what way it was
dangerous.   We have no doubt that the indictment is sufficient
in this respect.   It follows a well established precedent, and is
supported by authorities.   *United States* v. *Wood*, 3 Wash. C. C.
440, 442.   *United States* v. *Wilson*, Baldw. C. C. 78, 99.   *Allen*
v. *People*, 82 Ill. 610.

A further ground urged in support of the motion to quash is
that the indictment is vague, indefinite, and uncertain, under
Article XII. of the Declaration of Rights.   This is disposed of
by the case of *Commonwealth* v. *Robertson*, 162 Mass. 90.

3.  After a verdict of guilty in the court below, the petitioner
filed a motion for a new trial, on the grounds that the verdict
was against the law, the evidence, and the weight of the evi-
dence.   Also on the ground that the indictment charged him
with having committed two distinct offences, and with being an
habitual criminal, and because the evidence relating to the last
count was introduced by the government and then withdrawn
from the consideration of the jury; that this action on the part
of the government made part of its case the bad character of
the  petitioner, and deprived him of his constitutional right in
taking the initiative in the introduction of evidence to prove his
character.

It appears from the certificate of the Chief Justice that the petitioner elected to preserve his remedy, if he had any, before the Supreme Judicial Court, as to the questions of law contained in his motion, and that, after a full hearing on the remainder of the motion, it was overruled. The petitioner excepted to the disallowance of the motion for a new trial.

Assuming that the petitioner has a right now to be heard upon the questions of law raised by the motion for a new trial, we see no ground of complaint on his part. His counsel has referred us to no provision of the Constitution which prevents the government from proving the necessary allegations of the indictment.

The third count of the indictment was under the St. of 1887, c. 435, known as the habitual criminal act. This act was held to be constitutional in *Commonwealth* v. *Graves*, 155 Mass. 163, and in *Sturtevant* v. *Commonwealth*, 158 Mass. 598. It is necessary to charge in the indictment the former convictions and sentences of the defendant. *Commonwealth* v. *Walker*, 163 Mass. 226. Being charged in the indictment, it is necessary for the government, if it relies upon them, to prove them. This was the course pursued in this case. The fact that the government was allowed subsequently to go to the jury only on the first count cannot be said, in contemplation of law, to have injured the petitioner. The jury were carefully instructed not to regard any of the evidence relating to the third count. *Smith* v. *Whitman*, 6 Allen, 562. *Costello* v. *Crowell*, 133 Mass. 352, 354, 355. *Anthony* v. *Travis*, 148 Mass. 53, 60. *Commonwealth* v. *Thompson*, 159 Mass. 56, 59.

4. It appears from the certificate of the commissioner, to whom the petition to prove the exceptions was referred by this court, that the petitioner was not present during the hearing before him; and this is relied upon as error. It does not appear that any request was made that he should be present.

By the Pub. Sts. c. 214, § 10, it is provided: "No person indicted for a felony shall be tried unless personally present during the trial." This statute is simply declaratory of the common law, and applies only to the trial by jury. Neither the statute nor the rule of the common law has any application to proceedings which may intervene between the verdict of the

jury and the sentence. In this Commonwealth it has never been the practice to have a prisoner present when his exceptions are under discussion before the Superior Court, or when they are argued in this court; and there is no reason why he should be present at a hearing before a commissioner to prove the truth of his exceptions, unless he desires to be present, or to be heard in person, or to testify in his own behalf. See *Commonwealth* v. *Costello*, 121 Mass. 371; *Commonwealth* v. *McCarthy*, 163 Mass. 458.

5. As to the other statements in the bill of exceptions which the petitioner seeks to prove, it now appears that exceptions were alleged to be saved where none were taken at the trial; important qualifying statements were omitted where exceptions were taken; and the bill alleged differs so materially from that proved, and is so manifestly unfair, that we are not called upon to consider the matter further. See *Sawyer* v. *Yale Iron Works*, 116 Mass. 424; *Morse* v. *Woodworth*, 155 Mass. 233.

*Exceptions overruled.*