## STATE v. LANOS.

No. 4022.   Decided February 15, 1924.   (223 Pac. 1065.)

1. JURY—CHALLENGE TO JUROR FOR CAUSE AFTER COMPLETION OF JURY HELD PROPERLY OVERRULED. In a forgery prosecution, where, after the first witness testified that the forged check was paid by a certain bank, a juror voluntary stated that his company did business with the bank, had an account there, etc., assuming that he occupied the relation of debtor and creditor to the bank, the court did not abuse its discretion in overruling a challenge for cause, under Comp. Laws 1917, § 8954, permitting challenge for implied bias against jurors standing in debtor and creditor relation with the injured party, and section 8948, prescribing the time for exercising the right of challenge.

2. JURY—RULE FOR CHALLENGING JUROR STANDING IN DEBTOR AND CREDITOR RELATION WITH INJURED PARTY IN CRIMINAL CASE STATED. When a juror stands in the relation of debtor and creditor with the person alleged to have been injured by the offense charged, a challenge upon that ground made before he is sworn, as provided by Comp. Laws 1917, §§ 8948, 8954, must be allowed, though the relationship is formal and trivial, or the implication of bias therefrom overthrown, but, if such challenge is made after completion of the jury, it is addressed to the sound discretion of the court, and must rest upon substantial grounds.

3. CRIMINAL LAW—EVIDENCE HELD PROPERLY ADMITTED TO SHOW DEFENDANT'S KNOWLEDGE OF FORGERY OF CHECK PASSED. Where, in prosecution for uttering and passing a forged check, affirma-

tive evidence showed the forgery of the check in question, and that defendant passed it, it was proper, for the purpose of showing guilty knowledge by defendant of the falsity of such check, to prove that he had passed other forged checks, and to introduce them in evidence without proof of defendant's knowledge of their forgery.

4. CRIMINAL LAW—POSSIBLE ERROR IN REMARKS OF COURT HELD CURED BY INSTRUCTIONS. In prosecution for passing forged check, any possible doubt whether the court, in stating during colloquy with counsel that proof of defendant's guilty knowledge was unnecessary, referred to the check in suit or other checks introduced in evidence, was cured by positive instructions properly stating the law.

5. CRIMINAL LAW—IMPROPER CROSS-EXAMINATION HELD NOT REVERSIBLE ERROR IN ABSENCE OF OBJECTION. Question asked on cross-examination of defendant. "* * * Isn't it a fact that you are wanted for uttering forged checks * * * in San Francisco, Oakland, etc.?" witness answering, "Well, no," though objectionable, was not reversible error, in the absence of objection or exception.

6. FORGERY—EVIDENCE HELD TO SUSTAIN CONVICTION. Evidence in prosecution for uttering and passing a forged check *held* to sustain conviction.

7. CRIMINAL LAW—SUFFICIENCY OF IDENTIFICATION OF DEFENDANT HELD FOR JURY. Whether a scar on defendant's face, not testified to by the identifying witness, could have been overlooked or artfully concealed were questions of fact for the jury.

8. FORGERY—PROOF HELD TO SHOW GUILTY KNOWLEDGE OF FORGERY. In prosecution for uttering and passing forged check, proof that previous to the alleged offense defendant became acquainted with two persons whose names were later forged to checks passed by him, that he procured genuine checks from them for small sums, gaining access to their signatures, that after and before the alleged offense he passed two checks on which their respective names were forged, and later passed the check charged, and departed the next day from the state, sufficiently showed guilty knowledge.

Appeal from District Court, Third District, Salt Lake County; *G. A. Iverson,* Judge.

Luis Lanos, alias James Tasos, was convicted of forgery, and he appeals.

Appeal from Third District

AFFIRMED.

*D. B. Hempstead,* of St Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *L. A. Miner,* Asst. Atty. Gen., for the State.

CHERRY, J.

Defendant was convicted of forgery, and appeals. During the trial, and after the jury had been impaneled and sworn, a witness testified that the check, the subject of the forgery in question, had been presented to and paid by the Continental National Bank to defendant, whereupon a juror interrupted the proceedings and voluntarily stated that—

"Our company does business with the Continental National Bank; have our account there. Counsel failed to ask me that question, and the court, and I thought I should better let you know about it."

In answer to questions he further stated in effect that he had no personal account with the bank, but that his company was a depositor and borrower of the bank; that "I believe if I was in the defendant's position I would want a man who perhaps was not indebted to the bank"; that he would, nevertheless, have no difficulty in giving the defendant a fair trial, and would not favor the bank's interests or give greater credence to the testimony of the bank's officials on account of his relationship to the bank. The defendant challenged the juror "for cause." The court overruled the challenge, the exception to which is the basis for defendant's assignment of error first to be considered.

Comp. Laws Utah 1917, § 8954, provides that a challenge for implied bias may be taken against a juror who stands in the relation of debtor and creditor with the person alleged to be injured by the offense charged, and section 8948 provides that a challenge to an individual juror "must be taken when the juror appears and before he is sworn to try the cause; but the court may for cause permit it to be

taken after the juror is sworn and before the jury is completed."

It is not entirely clear from the record that the juror stood in the relation of debtor and creditor with the bank, but, assuming that relationship, the legal right of defendant to challenge the juror upon that ground exists only within the time limited by the statute. The rule of the statute is, clearly, that neither party has a right of challenge, after the jury is completed. The authority of the court to discharge a juror during the trial is an entirely different matter from the legal right of a party to exercise a statutory challenge. The latter is defined and limited by positive law. The former is a discretionary power; inherent in courts. The latter may be exercised only within the limitations of the statute. The former is exercised whenever, in the opinion of the court, "there is a manifest necessity for the act, or the ends of justice would otherwise be defeated." *United States* v. *Morris,* 1 Curt. 23, Fed. Cas. No. 15815; *Commonwealth* v. *McCormick,* 130 Mass. 61, 39 Am. Rep. 423.

When the fact appears that the juror stands in the relation of debtor and creditor with the person alleged to have been injured by the offense charged, a challenge upon that ground made within the time limited by the statute must be allowed, even though the relationship is formal and trivial, or the implication of bias therefrom overthrown. But a challenge or objection to a juror made after the jury is completed is not a strict legal right, but is addressed to the sound discretion of the court, and it must rest upon substantial grounds.

In this case the objctions to the juror were not sufficient to require the court to interrupt the trial and discharge him, and there was no abuse of discretion when the objections were overruled.

The defendant was charged with uttering and passing a forged check for $150, knowing that it was forged, etc. There was affirmative evidence that the check was forged and that the defendant passed it. To prove guilty knowledge by the defendant of the falsity of the check described in the

information, the state was permitted to prove that the defendant had previously passed two other forged checks, and to introduce the checks in evidence, without proof that the · defendant knew they were forged. By numerous assignments of error the question of the competency of this evidence is presented. The defendant's counsel contend that such evidence is incompetent, unless it is also shown that the defendant had guilty knowledge of the falsity of the instruments when they were passed by him. This contention is untenable. The evidence was competent and properly admitted.

> "The falsity of the other articles (forged or counterfeit) uttered or possessed must of course be shown. But the defendant's knowledge of their falsity need not be shown. The very kernel of the principal (either of knowledge or intent) is that the fact of the uttering tends, in one way or another, to show the defendant's knowledge at the time in issue, either by the probable warning received, or by the improbability of innocent intent in repeated instances; and the assumption throughout is that the bare fact of utterance shows this." 1 Wigmore on Ev. (2d Ed.) § 317.

See, also, Underhill's Crim. Ev. (3d Ed.) § 629; 1 Wharton, Crim. Ev. (10th Ed.) § 35; 2 Wharton Crim. Law (11th Ed.) § 920.

An assignment of error is based upon a supposed prejudicial statement of the court in the presence of the jury, to the effect that it was not necessary to prove that the defendant knew the check, described in the information, was forged when it was passed. The statement complained of occurred during a colloquy between court and counsel. Whatever import may be deduced from the partial and incomplete quotation of the conversation contained in the appellant's brief, a consideration of the whole of what was said at the time conclusively shows that the court referred, not to the check described in the information, but to the other checks previously passed, when he said it was not necessary to show guilty knowledge of their falsity when passed. In concluding the discussion of this matter the court said:

> "Don't misunderstand me, Mr. Hempstead. As I understand the rule of law in a case of this kind, it is this: That it is incumbent upon the state to prove the charge laid in the information, and

all the elements of that charge. In this case they must prove that this was a' forged check; they must prove that this defendant knew it was a forged check, etc."

Any possible doubt upon the subject was dispelled by the positive instructions to the jury that before they could convict the defendant they must find from the evidence, beyond a reasonable doubt, that the check was false, forged, and counterfeited, and that the defendant had knowledge thereof at the time it was passed, etc. The record fails to show as a fact that the court made the statement that it was not necessary to prove guilty knowledge of the falsity of the check, for the uttering of which the defendant was being tried; and the statement made by the court that it was not necessary to show knowledge of the falsity of the other checks previously passed was not improper, because it expressed a correct rule of law, as hereinbefore decided.

The defendant testified as a witness in his own behalf, and during his cross-examination by the district attorney the following occurred:

"Q. Now Lanos, now isn't it a fact that you are wanted for uttering—passing forged checks, at this present time, in San Francisca, Los Angeles, Oakland, and Portland, Or.?

"Mr. Hempstead: That is an improper question; not a fair question.

"Mr. Hutchinson: He can answer 'Yes' or 'No.' A. Well, no.

"Mr. Hempstead: That is improper—to ask it.

"The Court: Well, he has answered it now.

"Mr. Hempstead: Counsel knows it is improper to ask him if he is wanted."

It is argued that the asking of the question, although answered in the negative, constitutes prejudicial error. It may be conceded that the question was objectionable. But no objection to the court was made—no ruling had thereon—and no exception preserved. Courts must be treated fairly, and before error can be predicated upon proceedings or incidents of the trial which are deemed objectionable the attention of the trial court must be directed to the matter by proper objections and his ruling obtained thereon and exceptions preserved. A request by defendant's

attorney that the court instruct the jury that it should disregard the question and make no inferences whatever therefrom would probably have been granted.

While we do not approve of the conduct of the district attorney in asking the question, the defendant is not entitled, under the state of the record, to urge the objection for the first time on appeal.

The remaining question argued by appellant's counsel is that the evidence is insufficient to justify the verdict, and that the request that the court instruct the jury to find defendant not guilty was erroneously overruled. It is contended that the evidence is insufficient to show that the defendant passed the check, or that, if he did pass it, that he knew it was forged. There was undisputed evidence that the check was a forgery, and that it was presented to the bank and paid. The defendant denied that he cashed the check. The paying teller of the bank, who cashed the check, testified that the defendant was the person who    6, 7 presented the check and obtained the money upon it. He stated that he had seen him on two previous occasions, and was able to identify him. There were the additional circumstances that the defendant was present in the city the day the check was cashed and departed the next day for Idaho; and that he had been associating with the person whose name was forged to the check, and had previously had possession of his genuine signature. It is made to appear that the defendant had a scar on his face, which the paying teller stated that he did not notice. This circumstance is urged as a reason why the identification was insufficient. But that is not a question of law. Whether the scar was such that it might have been overlooked, or whether it could have been artificially concealed to avoid identification, were questions of fact to be decided by the jury. It certainly cannot be said that there was no substantial evidence that the defendant was the person who passed the check.

The proof of defendant's knowledge that the check was forged of necessity, consisted of circumstances. It was shown

that shortly previous to the commission of the offense for which he was convicted, the defendant first became acquainted with the two persons whose names were later found to have been forged to checks passed by him. By plausible pretext he procured from them genuine checks for small sums—thus obtaining possession of and access to their genuine signatures. Afterwards, and before the date of the offense charged, he passed two checks of which the names, respectively, of the two persons were forged. Later he passed the check for which he was tried and convicted, and on the next day departed from the state.

We think the evidence was sufficient, as a matter of law, to warrant the jury in finding that the defendant passed the check, and that he knew it was forged, and that the verdict is supported by substantial evidence.

The judgment is affirmed.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.