COMMONWEALTH *vs.* JOHN H. WILLIAMS.

Suffolk.     December 9, 1942. — December 28, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Assault. Intent.*

Proof that a defendant used a dangerous weapon upon another was not essential to conviction of the charge of assault upon him, while armed with a dangerous weapon, with intent to rob him.

Evidence warranted an inference beyond a reasonable doubt that a defendant who, while armed with a loaded revolver, assaulted and beat

an intoxicated man on a highway at night, after they had had an "argument" in a restaurant, did so with intent to rob him, rather than that the defendant did so merely to inflict punishment upon the man or in the course of a fight between them as a result of the "argument."

INDICTMENT, found and returned on September 5, 1941.

The case was heard by *Higgins*, C.J., and in this court was submitted on briefs.

*H. F. Callahan*, for the defendant.

*W. J. Foley*, District Attorney, & *E. M. Sullivan*, Assistant District Attorney, for the Commonwealth.

RONAN, J.   The defendant has been found guilty at a trial in the Superior Court, before a judge without a jury, upon an indictment charging him with assaulting one Kaplan, while armed with a dangerous weapon, with the intent to rob said Kaplan.   He excepted to the denial of his request for a finding of not guilty.

There was evidence that Kaplan left a dog track in Revere, where he had been selling "tip sheets" and betting upon the races, at about 11:30 o'clock at night.   He then went to various places where alcoholic beverages were sold and food was served.   He entered the last of these places at two o'clock in the morning where, accompanied by one Deskin, he stayed until the place closed at five o'clock.   While there he had "a small argument" with the defendant concerning a woman.   Kaplan and Deskin left this resort.   Kaplan was intoxicated and Deskin was under the influence of liquor.   As they were proceeding along the highway the defendant came up from behind, pushed Deskin in the back and told him to "Keep walking and keep going."   Deskin looked behind and saw the "flash" of a revolver.   The defendant then said something to Kaplan and "yanked" him around.   Kaplan remembered no more until after he arrived at a hospital.   Deskin obeyed the command of the defendant, but after going a short distance he saw Kaplan with his back against an advertising sign and the defendant then had his right hand against Kaplan's stomach and his left hand over Kaplan's shoulder.   Deskin went about thirty feet and stopped when he heard Kaplan shout to him.   Two

police officers then arrived. One of the officers saw Kaplan lying face down on the ground. The defendant was straddled across Kaplan, and was striking him on the head. The officer, who was forty feet away, did not see anything in the defendant's hand. The defendant was captured after a short chase and a loaded revolver with cartridges was taken from him. Kaplan had seven lacerations on the back of his head and one over his left eye. There was medical testimony that these lacerations were not caused by falling upon a rough surface but resulted from blows of a blunt instrument. At the hospital $296 was found in a pocket on the inside of Kaplan's shirt. The defendant testified that he had an argument with Kaplan in the restaurant and that Kaplan made an insulting remark to him as he was walking behind Kaplan and Deskin on the street. Kaplan and he then engaged in a fight. He did not use his revolver on Kaplan and did not intend to rob him. He testified that he was going on a fishing trip and "thought he might have some fun" with the revolver on that trip.

It is indisputable that the defendant, armed with a loaded revolver, assaulted Kaplan. The question presented is whether there is any evidence, including all inferences that may be rightly drawn from it, to justify a belief beyond a reasonable doubt that the defendant intended to rob Kaplan. *Commonwealth* v. *Asherowski*, 196 Mass. 342. *Commonwealth* v. *Cooper*, 264 Mass. 368.

The defendant had denied at the time of his arrest that he owned the revolver, although he testified that it belonged to him. He has no just complaint if the judge refused to believe that he had a loaded revolver upon his person for the purpose of going fishing. The judge could find that the real purpose for which he was carrying this weapon was indicated by its use when the defendant ordered Deskin to continue walking. We need not decide whether the evidence tended to show that the lacerations on Kaplan's head were caused by the revolver, because the defendant was not charged with an assault with a dangerous weapon and it was not necessary in order to convict the defendant of the offence charged to prove that he used the revolver on Kap-

lan. *Commonwealth* v. *Mowry*, 11 Allen, 20. *Commonwealth* v. *Cody*, 165 Mass. 133.

Kaplan testified that he had a hazy recollection about "a small argument" with the defendant while they were in the restaurant. Such a characterization of the argument would tend to show that Kaplan considered it of a trivial nature. The judge could find that that argument was not the cause of the assault. Notwithstanding the testimony of the defendant, the judge could believe the testimony of Kaplan and Deskin that neither of them provoked an assault as they were on their way from the restaurant and that the defendant was the aggressor. There was no direct evidence that the defendant knew that Kaplan had any large sum of money on his person. Both of them were in the same restaurant for two hours where Kaplan had ordered food and drink. If the defendant's purpose was merely to assault Kaplan, then it would seem to be unnecessary for him to strike Deskin, with whom he had no grievance and who displayed no belligerent attitude toward him, and, after flourishing a revolver, to command him to walk along. It might be thought significant that he desired to separate Deskin from Kaplan. The evidence of what occurred thereafter did not compel a finding that Kaplan and the defendant engaged in a mutual affray where blows were exchanged. It might have been found that Kaplan was too intoxicated to fight. There is nothing in the record to show that the defendant bore any marks from such an encounter. Besides, the position of the defendant's hands upon Kaplan's body as he had him backed up against the sign tended to show that his purpose was to search Kaplan with his right hand while he held him with his left hand. The position of his hands could be found to be more consistent with a purpose to rob Kaplan than with a purpose to inflict punishment upon him. The fact that the defendant did not find the money which was in a pocket on the inside of Kaplan's shirt is no defence. *Commonwealth* v. *McDonald*, 5 Cush. 365. *Commonwealth* v. *Jacobs*, 9 Allen, 274. *Commonwealth* v. *Taylor*, 132 Mass. 261. *Commonwealth* v. *Cline*, 213 Mass. 225.

The intention of the defendant in committing the assault was a question of fact to be determined from all the circumstances. *Commonwealth* v. *Walker*, 108 Mass. 309. *Commonwealth* v. *Althause*, 207 Mass. 32. Proof of the defendant's intent depended entirely upon the inferences of which the evidence was rationally susceptible. These inferences need not be necessary nor inescapable. It is enough if they are reasonable and are not too remote or prohibited by some rule of law. The judge could reject the theory that the assault was a culmination of what had occurred in the restaurant and find that the conduct of the defendant, considered in the setting shown by the evidence, warranted a conclusion that the only reasonable and probable ground for the assault was the intent of the defendant to rob Kaplan, and we are unable to discover anything in the record that as matter of law would preclude the judge from reaching that conclusion. *Commonwealth* v. *Doherty*, 137 Mass. 245. *Commonwealth* v. *Asherowski*, 196 Mass. 342. *Commonwealth* v. *Desatnick*, 262 Mass. 408. *Commonwealth* v. *Alba*, 271 Mass. 333. *Commonwealth* v. *Cavedon*, 301 Mass. 307. *Commonwealth* v. *Albert*, 310 Mass. 811.

*Exceptions overruled.*