FRANCIS P. SALEMME *vs.* COMMONWEALTH.

Suffolk.     May 4, 1976. — June 9, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, & WILKINS, JJ.

*Practice, Criminal,* Double jeopardy, Duplicitous convictions.  *Constitutional Law,* Double jeopardy.  *Error, Writ of.  Assault.  Assault and Battery.*

A writ of error did not lie to review alleged nonconstitutional errors at the trial of indictments which were finally determined adversely to the plaintiff on appeal. [423]

The requirement of an intent to murder for a conviction of murder under G. L. c. 265, § 18, and the lack of such requirement for a conviction of assault and battery under c. 265, § 15A, was a distinguishing fact which supported convictions and consecutive punishments imposed upon a defendant under an indictment under each section for offenses arising out of a single act. [423-424]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on July 3, 1975.

The case was heard by *Kaplan, J.*

*David Berman* for the plaintiff.

*Bonnie H. MacLeod-Griffin,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J.   This is an appeal from a judgment entered by a single justice of the Supreme Judicial Court dismissing a petition for a writ of error seeking reversal of judgments of the Superior Court after trial of two indictments charging Salemme with assault, being armed with a dangerous weapon, with intent to murder (G. L. c. 265, § 18), and assault and battery by means of a dangerous weapon (G. L. c. 265, § 15A). Verdicts of guilty as to both indictments had been returned by a jury, and Salemme was sentenced to a term of imprisonment of nineteen to twenty years on the charge of armed assault with intent to murder and to a consecutive term of imprisonment for nine to ten years on the charge of the assault and battery with a dangerous weapon.

Before the single justice of this court the writ issued as prayed for in the petition. After the issuance of the writ the single justice, after hearing, dismissed the petition on the Commonwealth's motion. Salemme appealed. In our view the only issues properly before us are those which assert constitutional errors by alleging double jeopardy in trying Salemme on the two indictments arising out of a single act, and in imposing consecutive sentences after verdicts of guilty on these indictments.

Other errors now argued by Salemme are not properly before us. He asserts that certain testimony was erroneously admitted at the trial of the indictments. This contention, which raises no constitutional issue, was raised on appeal and was rejected by the Appeals Court (*Commonwealth* v. *Salemme,* 3 Mass. App. Ct. 102, 106-107 (1975), and this court subsequently denied Salemme's application for further appellate review. Salemme cannot seek another review of the issue by means of a writ of error.

See *McGarty* v. *Commonwealth,* 326 Mass. 413, 415-416
(1950). Similarly, Salemme's argument that there was
error in the denial to him of access to a witness was a
question which Salemme raised in the trial court and had
legally sufficient opportunity to litigate on appeal. The
writ of error will not lie to review this question. *Sandrelli*
v. *Commonwealth,* 342 Mass. 129, 132, 141 (1961). Further,
the record does not even adequately set forth a factual
basis for this claim.

We turn now to the single issue before us: that of double
jeopardy. More specifically, Salemme argues, correctly,
that the Fifth Amendment to the Constitution of the
United States protects against multiple punishments for
the same offense. *Gallinaro* v. *Commonwealth,* 362 Mass.
728, 735 (1973). *United States* v. *Wilson,* 420 U.S. 332,
344 (1975). *North Carolina* v. *Pearce,* 395 U.S. 711, 717
(1969). He further states that the imposition of consecu-
tive sentences as to the two offenses charged here was such
a double punishment.

It is clear that both offenses arose out of a single trans-
action.[1] That alone is not determinative, however, for a
single act may be an offense against two statutes. If each
statute requires proof of an additional fact which the other
does not, an acquittal or conviction under either statute
does not exempt Salemme from prosecution and punish-
ment under the other. *Kuklis* v. *Commonwealth,* 361 Mass.
302, 306 (1972). *Morey* v. *Commonwealth,* 108 Mass. 433,
434 (1871). There is identity between two charges, which
will preclude conviction and punishment for both, only if
they both may be proved by the same facts. See *Kuklis* v.
*Commonwealth, supra* at 306-307. Stated another way, if
one offense charged is a lesser included offense within the
other offense charged, punishment for both is precluded.

---

[1] The record before us contains little by way of factual background,
but we ascertain, by reference to the opinion in the prior appeal (*Com-
monwealth* v. *Salemme,* 3 Mass. App. Ct. 102, 106-107 [1975]), that both
convictions were based on proof that the defendant placed an explosive
charge in the victim's automobile, that an explosion occurred, and that
the victim suffered serious injury.

Applying this reasoning, it is clear that consecutive punishments could properly be imposed as to the two indictments in this case. Each offense requires proof of a fact not essential to the proof of the other offense. To support a conviction for assault with intent to murder while being armed with a dangerous weapon, it was necessary to prove beyond a reasonable doubt that Salemme committed an assault and was armed with a dangerous weapon; the weapon need not have been used and a battery need not have been committed. *Commonwealth* v. *Williams*, 312 Mass. 553, 556 (1942). *Commonwealth* v. *Cody*, 165 Mass. 133, 137 (1896). An assault occurs if there is simply an attempt or threat to do harm. *Commonwealth* v. *Slaney*, 345 Mass. 135, 138 (1962).[2] It was also necessary to prove that Salemme had a specific intent, namely, to murder the victim in assaulting him. *Commonwealth* v. *Williams*, *supra* at 557.

On the other hand, proof of the indictment charging assault and battery by means of a dangerous weapon required a showing that a battery had been committed, in other words, that intentional force was applied against the victim, and that it was applied by means of the dangerous weapon. See *Commonwealth* v. *McCan*, 277 Mass. 199, 203 (1931).

Thus each indictment required proof of at least one fact not required for proof of the other indictment. Proof of battery was required in one; proof of intent to murder was required in the other. Consecutive sentences were properly imposed. We add, although the comment is not relevant to any issue raised in the case, that the heinous nature of Salemme's conduct was certainly such as to warrant, in justice, multiple indictments and consecutive sentences.

*Judgment affirmed.*

---

[2] Although the issue is not raised here, it is also observed in the *Slaney* case, at 138-139, that the victim need not have been put in fear by the assault or need not have been even aware of it. This rule is peculiarly apposite in this case.