COMMONWEALTH *vs.* JAMES A. OSBORNE. September 16, 1982. The defendant appeals from the denial of a motion filed pursuant to Mass.R. Crim.P. 30(a), 378 Mass. 900 (1979), wherein he asserts that his consecutive life sentences for murder in the second degree and assault with intent to commit rape (with a sentence for armed robbery to be served concurrently with the sentence for assault with intent to commit rape) were in violation of the "same evidence" rule first applied to felony-murder convictions in *Commonwealth* v. *Stewart*, 375 Mass. 380, 390-393 (1978). Because the defendant's convictions were based on pleas of guilty, the issue presented here is whether the defendant's plea of guilty to second degree murder was based on the theory of felony-murder or on some other basis. Compare *Commonwealth* v. *Wilson*, 381 Mass. 90, 124 (1980).

As we would affirm here on the merits, it is not necessary to discuss the Commonwealth's argument that the defendant has waived any appellate rights he might still have had because of his failure to raise this issue at the hearings on resentencing which occurred subsequent to the decision in

*Osborne* v. *Commonwealth,* 378 Mass. 104 (1979). However, for a review of the relevant principles applicable to circumstances such as those presented here, see *Commonwealth* v. *Stewart,* 375 Mass. at 393. See also *Commonwealth* v. *Gallinaro,* 362 Mass. 728, 735 (1973), and *Commonwealth* v. *Salemme,* 370 Mass. 421 (1976).

Whether the defendant pleaded guilty to second degree murder on a basis independent of the felony-murder theory depends on whether the plea, to the extent that it embraced grounds other than felony-murder, was "voluntary" under the constitutional standard set forth in *Henderson* v. *Morgan,* 426 U.S. 637 (1976). A "voluntary" plea is not only one which is given free from coercion but one given when the defendant has "received adequate notice of the offense to which he pleaded guilty." *Id.* at 647. When a defendant pleads guilty to murder in the second degree the *Henderson* standard is met either when the defendant admits facts "constituting the essential elements, including the unexplained element of malice aforethought," *Commonwealth* v. *Huot,* 380 Mass. 403, 408 (1980), or when a factual basis for the guilty plea has been shown by "other factual presentation made before the plea is accepted by the judge," *Commonwealth* v. *Morrow,* 363 Mass. 601, 608 (1973). See also *Commonwealth* v. *Sullivan,* 385 Mass. 497, 508 (1982). A defendant who pleads guilty does not automatically get the benefit of any doubt as to the basis for a murder conviction, as would be the case for a defendant found guilty by a jury. See *Richard* v. *Commonwealth,* 382 Mass. 300, 306-307 (1981); *Porter* v. *Superintendent, Mass. Correctional Inst.,* 383 Mass. 111, 116-117 (1981).

Although it is not entirely clear from the transcript or the court's opinion in *Osborne* v. *Commonwealth, supra* at 108, whether the defendant admitted facts constituting the essential elements of second degree murder apart from acknowledging that he was guilty of the accompanying felonies, an adequate factual basis for the guilty pleas was presented at trial. "Strong evidence of the defendant's guilt with respect to a more serious charge increases the likelihood that the defendant's decision to plead guilty to a lesser charge was intelligently made." *Commonwealth* v. *Sullivan,* 385 Mass. at 508. Here, as in *Sullivan,* "the evidence presented by the Commonwealth at trial provided a sufficient factual basis for a conviction on the charge of murder in the first degree." *Ibid.* During the two days of trial the Commonwealth presented gruesome pictorial evidence of the victim's mutilated body and medical testimony detailing the extent of the "intense, brutal and disfiguring" attack. This evidence alone would have been sufficient for a jury to conclude that the murder had been committed with extreme atrocity or cruelty. The defendant's only apparent defense to murder in the first degree was intoxication, but "[i]ntoxication is not a mitigating factor in the case of murder with extreme atrocity or cruelty." *Commonwealth* v. *Podlaski,* 377 Mass. 339, 347 (1979). Thus, at trial there were sufficient facts presented to the de-

fendant, a man of "normal or above average intelligence" (*Osborne* v. *Commonwealth, supra* at 107), to convince him that a conviction of first degree murder on the grounds of extreme atrocity or cruelty was quite likely. (His trial counsel at the time of his pleas was apparently similarly convinced and advised accordingly.) We conclude that this was sufficient to meet the *Henderson* standard and that the defendant's plea of guilty to second degree murder was voluntary and adequately grounded on facts other than those which could have supported a conviction of murder based on felony-murder principles.

In passing, we note that "neither an underlying felony nor any intentional killing is required for a conviction of second degree murder. All that must be proven is malice aforethought." *Richard* v. *Commonwealth,* 382 Mass. at 307. "By pleading guilty to second degree murder, which does not require a felony as an element and which does require malice, [Osborne] can be said to have admitted malice." *Porter* v. *Superintendent, Mass. Correctional Inst., Concord,* 383 Mass. at 117, and authorities cited.

The issue of who has the burden of proving the voluntariness or involuntariness of pleas made after the decision in *Boykin* v. *Alabama,* 395 U.S. 238 (1969), need not be decided here, for there are sufficient grounds to reject the defendant's claim concerning his post-*Boykin* plea regardless of where the burden lies. Cf. *Porter* v. *Superintendent, Mass. Correctional Inst., supra* at 117 (for pre-*Boykin* pleas, the burden is on the petitioner).

> *Order denying defendant's motion*
> *for postconviction relief*
> *affirmed.*

*Frank R. Herrmann* for the defendant.

*Muriel Ann Finnegan,* Legal Assistant to the District Attorney (*Michael J. Traft,* Assistant District Attorney, with her) for the Commonwealth.