CLARK POWERS *vs.* MALCOLM E. STURTEVANT.

Suffolk.    March 3, 1908. — June 15, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Officer.  Arrest.  Assault and Battery.*

An officer making an arrest which he is authorized to make has a right to use such force as is reasonably necessary to overcome resistance, but if he uses unreasonable or excessive force he is liable in an action of tort for assault and battery, and in such an action, if it is shown that the force used by the defendant was excessive, it is no defense that he acted without malice and in the honest belief that the force which he used was necessary.

MORTON, J.   This is an action of tort for an alleged assault. There was a verdict for the plaintiff and the case is here on exceptions by the defendant to the refusal of the presiding judge to give certain instructions that were requested and to certain instructions that were given.   Exceptions were also taken to the exclusion of certain evidence, but they have not been argued, probably for the reason that testimony to the same effect was subsequently admitted, and we therefore treat them as waived.

The defendant was a constable of the city of Somerville and attempted to justify the alleged assault as an arrest which he had the right to make under a warrant issued by the collector of taxes of said city directing him to distrain the goods or take the body of the plaintiff in satisfaction of a poll tax which was assessed upon him for the year 1898 and which he had neglected to pay.   The plaintiff contended, however, that, if the defendant had authority to make the arrest, which he denied, he used excessive force for which he was liable; and that is the question presented by the exceptions.

The defendant in addition to asking the judge to rule, that on all the evidence the plaintiff could not recover, in substance requested the judge to instruct the jury that the defendant was the sole judge of the propriety and necessity of the power to be used in making the arrest, and that if he exercised his best judgment and acted in good faith and without malice, he was

not liable for the use of such force as he deemed necessary. The presiding judge declined to rule and instruct the jury as thus requested but instructed them, in effect, that the defendant had a right to arrest the plaintiff and that it was the plaintiff's duty to go with him; and, if the plaintiff refused to go, the defendant had a right to use reasonable force to overcome the plaintiff's resistance but had not the right to use unreasonable and unnecessary force or to wantonly or maliciously injure the plaintiff. The presiding judge further instructed the jury that if an officer was an honest man and was performing his duty and engaged in administering the law he would perhaps under ordinary conditions be in a position to judge better than the judge or the jury as to the force required and should be allowed considerable discretion and that that should go for something if he acted fairly and honestly without malice, or intention to injure or hurt the plaintiff. Other instructions were given in illustration and explanation of how far an officer could or could not go in the use of force in making an arrest. But taking the charge as a whole it is plain, we think, that it was as favorable to the defendant as he had any right to expect.

The evidence of the plaintiff tended to show, if believed, that there was a gross and wanton assault, and the ruling that on all the evidence he was not entitled to recover was properly refused. The judge also properly refused to instruct the jury that the defendant was the sole judge of what force was necessary. The defendant had the right as the judge instructed the jury to arrest the plaintiff and to use such force as was reasonably necessary to overcome any resistance which he offered; but the defendant had not the right to use unreasonable or excessive force and, if he did, he is liable to the plaintiff for any injury suffered in consequence thereof. If there are any decisions in other jurisdictions which imply or lay down a contrary rule they cannot be regarded, we think, as sound law. The question is not whether the defendant acted without malice and in the honest belief that the force which he used was necessary, but whether under the circumstances the force used was in fact unreasonable and excessive; if so, to the extent of such excess it was unwarranted and unjustifiable, and the defendant was liable therefor. See *Stone* v. *Lahey*, 133 Mass. 426; *Commonwealth* v. *Clark*, 2 Met.

23; *Hannen* v. *Edes*, 15 Mass. 347; *Imason* v. *Cope*, 5 C. & P. 193; *Levy* v. *Edwards*, 1 C. & P. 40.

*Exceptions overruled.*

*W. Keyes*, for the defendant.
*E. M. Brooks*, for the plaintiff.