COMMONWEALTH *vs.* GUISEPPE DE VICO.

Suffolk.    November 14, 1910. — January 3, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Evidence,* Relevancy, Opinion, Of disposition.    *Assault and Battery,* Self defense.

At the trial of an indictment for assaulting and beating a certain person with a dangerous weapon, where the defendant contends and introduces evidence tending to show that he struck the assaulted person in self defense, it is proper to exclude, as not being competent upon the issue as to whether the defendant acted in self defense, the following questions asked of the defendant's employer, "Is the defendant a man that becomes excited quickly?" "Is the defendant a man of excitable disposition?"

While the defendant in a criminal case may introduce evidence regarding his good character as tending to show the improbability of his having committed the crime with which he is charged, such evidence must be limited to his general reputation in regard to the elements of character involved in the commission of the alleged offense, and the private opinion of a witness in regard to the matter is irrelevant and immaterial.    Therefore, at the trial of an indictment for assaulting and beating a certain person with a dangerous weapon, it is proper to exclude the following question, asked of the defendant's employer, who was called by the defendant, "Is the defendant a man of a quarrelsome nature?"

INDICTMENT, found and returned on July 9, 1910, for assaulting and beating one John P. Nagle with a dangerous weapon.

In the Superior Court the case was tried before *De Courcy,* J. The evidence for the Commonwealth tended to show that on June 25, 1910, at about 10 P. M., Nagle with one Sachs and one Bigney were proceeding across the Common in Boston, when their attention was attracted by loud talk between two Italians, one of whom was the defendant.    They stopped to listen, when the defendant turned around from the man with whom he was talking and said to Nagle, " What do you want?    Go along and mind your business; some of you fellows will get hurt."    Nagle replied, " We have just as much right to stand here as you have,"

and at that moment the man with whom the defendant was talking stabbed the defendant in the back and ran away. Thereupon the defendant took from his pocket a knife and stabbed Nagle in the arm.

The defendant's evidence tended to show that, while he was sitting on the Common with another friend and two women, Nagle, Bigney and Sachs stepped up to them, with one Crowley, and one of them removed the hat from the head of one of the women, whereupon the defendant told them to mind their own business. Then Bigney took hold of the lapel of the defendant's coat and lifted him from the settee, while the other three were standing around him, Crowley striking him in the face and Sachs putting his hand into his pocket, while Nagle stabbed him in the· back. Thereupon the defendant drew from his pocket a knife and stabbed Nagle in the arm.

The questions asked of the defendant's employer, to the exclusion of which the defendant's exceptions relate, are stated in the opinion.

The presiding judge asked the jury to make a special finding in answer to the question, whether or not the wound in the defendant's back was caused by Nagle. The jury answered the question, " No," and found the defendant guilty. The defendant alleged exceptions.

The case was submitted on briefs.

*E. M. Shanley*, for the defendant.

*M. J. Dwyer*, Assistant District Attorney, for the Commonwealth.

MORTON, J. The defendant was indicted for an assault with a dangerous weapon. There was a verdict of guilty and the case is here on the defendant's exceptions to the exclusion by the presiding judge of the following questions: " Is he [meaning the defendant] a man that becomes excited quickly?" "Is he a man of excitable disposition?" and " Is he a man of a quarrelsome nature?" The witness, who was the defendant's employer and who was called by him, was asked by the defendant what his, the defendant's, general reputation for peacefulness was and answered, " I know him in the shop. I live out of town and he lives in the city." He was then permitted to testify without objection that the defendant worked every day from seven in

the morning to a quarter past six at night and that he never saw him drink. He was then asked without objection, " Is he a quarrelsome man," and he answered " Not in my place." The defense was that the defendant acted in self defense. He so testified in effect. But manifestly the fact that he was of an excitable disposition had no tendency to show that he acted in self defense. The most that it would tend to show would be that he might have acted more hastily and have been more easily provoked than would have been the case with a man of cooler temperament. But that would have had no tendency to show that he was acting in self defense. If the offer had been to show that his alleged assailant had the reputation of being a quarrelsome man, the evidence would have been admissible. *Commonwealth* v. *Tircinski*, 189 Mass. 257. But what the defendant offered to show was that he himself was of an excitable disposition, which as we have said had nothing to do with the question whether he acted in self defense.

As to the question whether he was a man of a quarrelsome nature it perhaps would be enough to say that the same question, with a trifling variation in form, had been previously put and answered without objection, and the question to the exclusion of which exception was. taken might well have been ruled out for that reason. But we prefer to rest our decision on the broader ground that while the defendant in a criminal case may put in his good character as tending to show the improbability of his having committed the crime with which he is charged, the evidence must be limited to his general reputation in regard to the elements of character involved in the commission of the alleged offense. *Commonwealth* v. *Nagle*, 157 Mass. 554. *Day* v. *Ross*, 154 Mass. 13. *Commonwealth* v. *Maddocks*, 207 Mass. 152. *State* v. *Roderick*, 14 L. R. A. (N. S.) 704 n. *State* v. *Hull*, 20 L. R. A. 609 n. The private opinion of a witness in regard to the matter is irrevelant and immaterial. The defendant was allowed to show what his general reputation for peacefulness was; but apparently he either was not satisfied with that or with the answer, and desired to have the witness go further and state, in substance and effect, what conclusion he had himself come to or what opinion he had formed in regard to the defendant's disposition. This he could not do.          *Exceptions overruled.*