FRANK K. STEARNS *vs.* DENNIS A. LONG.

Middlesex. March 13, 1913. — May 28, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Res Judicata. Evidence,* Of truth of alleged libel, Of character and reputation. *Practice, Civil,* Exceptions. *Libel and Slander,* Evidence of plaintiff's good character.

In an action for libel brought by the chairman of the licensing board of a city appointed under R. L. c. 100 against the publisher of a newspaper, alleging libellous statements that the plaintiff and his associates on the board had been lax in the enforcement of the law relating to sales of intoxicating liquors by innkeepers, a report in writing, made to the board of which the plaintiff was a member by police officers appointed by the board to investigate sales of intoxicating liquors by licensed innkeepers on Sundays and holidays, stating violations of the law by various innkeepers, is admissible in behalf of the de-

fendant as tending to show the truth of the statements contained in the alleged libel, although upon the same report as evidence the Superior Court on a review under R. L. c. 100, § 4, reversed a decision of the mayor of the city removing the members of the board and found that the plaintiff was not guilty of any violation of law, the doctrine of *res judicata* not being applicable to this decision made upon a different issue and between different parties.

No exception lies to the admission of a preliminary question to a witness which has not harmed the excepting party.

In an action for libel brought by the chairman of the licensing board of a city against the publisher of a newspaper, alleging libellous statements that the plaintiff and his associates on the board had failed to enforce the law relating to sales of intoxicating liquors, it was *held*, that, even assuming that in this Commonwealth, where the defendant in an action for libel under a plea of justification asserts and undertakes to prove that the plaintiff was guilty of acts punishable as crimes, the plaintiff may rebut such proof by evidence of good character and reputation, which is an open question, yet in the present case the language used by the defendant did not impute any act punishable criminally, and that accordingly evidence of the plaintiff's reputation for good character was excluded properly upon the issue of liability, it having been made immaterial upon the question of damages by a verdict for the defendant. Moreover in the present case the offer of proof was too broad, not being confined to reputation as to those traits of character involved in the imputed wrongdoing.

TORT for alleged libels published on certain days from June 3, 1909, to March 20, 1910, in the Lowell Sunday Telegram, a weekly newspaper published in Lowell of which the defendant was the proprietor and publisher, of and concerning the plaintiff, who was chairman of the board of police or licensing board of the city of Lowell appointed by the mayor under R. L. c. 100, the general character of the alleged libels being to charge the plaintiff with a violation of his duty in failing to enforce the statutes relating to sales of intoxicating liquors. Writ dated December 13, 1910.

In the Superior Court the case was tried before *Stevens*, J. It appeared that on March 17, 1909, the mayor of the city of Lowell filed numerous charges against the board of police for malfeasance, incapacity and neglect of duty; that the hearings were held before the mayor and occupied forty-two days; and that the mayor found all the commissioners guilty of all the charges and deposed them from office. The commissioners applied to the Superior Court under R. L. c. 100, § 4, for a review of the charges, of the evidence submitted thereunder, and the findings thereon by the mayor. The application for a review was heard by *Dana*, J., who after a full hearing found the commissioners

not guilty on all the charges preferred and restored them to office. They returned to office in the month of October, 1909, after a suspension of about three months.

The publication of the articles alleged by the plaintiff to be libellous was admitted.

The defendant by his evidence sought to establish the truth of the charges and in proof of his defense offered to read to the court and jury certain written reports made to the board of police by police officers who had been specially appointed by the board to visit the hotels on Sundays and holidays and made minutes of the number of people present eating and drinking in the various hotels and the kind of food and drink that they ordered and of how many customers came in within a certain time and how many went out. The defendant offered this evidence as bearing on the question whether the hotels were run and conducted on Sundays and holidays according to the provisions of the statutes. It appeared that this was one of the issues which was tried at the hearing before the mayor of the charges against the commissioners, including the plaintiff, and that the evidence offered was the evidence which had been offered at the hearing before the mayor. On this point and evidence the mayor had found the plaintiffs guilty of the charges, but *Dana,* J., upon the review had reversed the finding and found them not guilty upon the same point and upon the same evidence. The plaintiff objected to the introduction of this evidence only on the ground that the Superior Court, the court of last resort in the matter, had found the plaintiff not guilty of any violation of the law on this point and on this evidence, and that the question could not be retried in this case. The evidence was admitted, and the plaintiff excepted.

The exception to the question asked the witness Craig is explained sufficiently in the opinion.

The judge excluded the evidence offered by the plaintiff as to his character and reputation, which is mentioned in the opinion, and the plaintiff excepted. The plaintiff contended that some of the alleged libels, of which copies were annexed to the declaration, embraced charges against the plaintiff of crime or misdemeanor and that this made the evidence of his character and reputation admissible.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. H. Bent,* for the plaintiff.

*J. J. Pickman,* (*D. J. Murphy* with him,) for the defendant.

DE COURCY, J. Two of the exceptions taken by the plaintiff relate to the admission of evidence and may be disposed of briefly. The written reports made to the board of police, of which the plaintiff was a member, by police officers especially appointed by the board to investigate the sale of intoxicating liquor in licensed hotels on Sundays and holidays, were competent evidence. They tended to show violations of the law by the various innkeepers, and hence that the alleged libellous statements that the plaintiff and his associates on the board had been lax in the enforcement of the law relative to the sales of intoxicating liquors by innholders, were true in substance. *Conner* v. *Standard Publishing Co.* 183 Mass. 474. The ground of the plaintiff's objection was that the judge of the Superior Court on this evidence had found the plaintiff not guilty of any violation of law. But as the issue and the parties were different, the doctrine of *res judicata* does not apply.

The question put to the witness Craig clearly was a preliminary one, namely, whether he made the statement referred to, not whether that statement was true; and it was so stated by the judge. This exception must be overruled.

At the close of the evidence of the defendant, the plaintiff made an offer of the testimony of witnesses as to his character and reputation in the community. This was offered not as bearing on damages but on the issue of liability, and in any event would be immaterial on the question of damages in this case, as the verdict was for the defendant. *Howland* v. *George F. Blake Manuf. Co.* 156 Mass. 543. In civil proceedings, the general rule is that such evidence is immaterial and hence inadmissible even though the cause of action is one for which a criminal prosecution might be brought. *Geary* v. *Stevenson,* 169 Mass. 23. *Colburn* v. *Marble,* 196 Mass. 376. In an action of libel or slander, in some States evidence of the plaintiff's reputation is admissible in chief, on the theory that his character is put in issue. 25 Cyc. 482, 514. It is assumed by the plaintiff in his argument that where the words charge a crime he may show his good character in rebuttal

of evidence introduced by the defendant in justification; but that, we think, must be regarded as an open question in this Commonwealth.  The case of *Harding* v. *Brooks*, 5 Pick. 244, is authority for the introduction of such evidence only on the issue of damages, and in cases where the charge sought to be proved is of a criminal act, as was pointed out by Knowlton, J., in *Howland* v. *George F. Blake Manuf. Co.* 156 Mass. 543, 569. And in the latter case it was decided only that, if reputation was admissible in an action for libel, the plaintiff had not brought himself within the rule limiting such evidence to cases in which the charge sought to be proved is of the commission of a crime as distinguished from a charge of lesser magnitude.  See *Geary* v. *Stevenson*, 169 Mass. 23, 32.  Even assuming, without deciding, that where the defendant under his plea of justification assumes the burden of proving that the plaintiff was guilty of acts punishable as crimes, the plaintiff may repel that proof by evidence of good character, nevertheless in the case at bar the trial judge rightly excluded the evidence offered.  The language used by the defendant in the alleged defamatory publications, interpreted by the ordinary meaning of the words, does not seem to us to impute bribery or any other act that is punishable criminally. *Sillars* v. *Collier*, 151 Mass. 50.  Furthermore, the offer of evidence was not confined, as it should have been, to those traits of character which the imputed wrongdoing involved.  *Commonwealth* v. *De Vico*, 207 Mass. 251.

*Exceptions overruled.*