## HULLS et al. v. WILLIAMS.

No. 21737.     Feb. 13, 1934.

S. J. Berton and Robert Burns, for plaintiffs in error.

Billingsley & Stanley, for defendant in error.

CULLISON, V. C. J. Branion Williams, plaintiff, instituted suit against L. G. Hulls and the Cushing Refining & Gasoline Company, defendants, seeking to recover for personal injury received by plaintiff. Parties will be referred to as they appeared below.

Defendant Cushing Refining & Gasoline Company had a gasoline plant in Seminole county, Okla. Connected to said gasoline plant was a pipe line through which gasoline was flowed from said refinery to the loading racks. Said pipe line crossed the farm on which plaintiff resided as a tenant where said pipe line crossed a certain ravine, at which point a portion of the pipe line was exposed.

A hole was drilled in said pipe line at the ravine and plugged. Defendant refining company discovered said opening in the pipe line and employed defendant Hulls and another party to watch said pipe line. On the following night, shortly after dark, plaintiff and another party approached the place where said pipe line had been tapped. They had a metal gasoline barrel and placed said barrel in the ravine under the pipe line, connected the same with the pipe line, and proceeded to run some gasoline from the pipe line into the barrel.

Shortly thereafter the two watchmen approached plaintiff and his companion and called upon them to consider themselves under arrest and hold up their hands. Plaintiff's companion was on the bank and immediately held up his hands, but plaintiff was down in the ravine and defendant Hulls could not determine whether or not he had his hands up, and having commanded him to put up his hands and come out of the ravine, and plaintiff having made no response thereto, Hulls shot in the ground and again commanded him to come out of the ravine. Plaintiff did not come out of the ravine, and Hulls shot a second time and hit plaintiff in the arm between the elbow and wrist, inflicting a wound which necessitated an amputation of a part of the arm.

Neither plaintiff nor his companion was armed at the time of said shooting.

This is the injury for which plaintiff sought recovery and recovered in the trial court.

Defendants appeal and contend that plaintiff was committing a felony in the nighttime and in the presence of defendant Hulls and Joe Boone, as employees of the Cushing Refining & Gasoline Company, who had a right as private citizens to arrest him.

Defendants cite and rely upon section 1, chapter 105, Session Laws of 1925, pertaining to tapping of pipe lines and stealing of products therefrom, and making the same a felony; and also section 2477, C. O. S.

1921, wherein our statute provides that a private person may arrest another for a public offense committed or attempted in his presence or where the person arrested has committed a felony.

Under the law as cited in chapter 105, supra, as applied to the facts disclosed by the record in the case at bar, we consider that plaintiff had committed a felony in the presence of Hulls and Boone, and that they were entitled to arrest plaintiff for so doing. Plaintiff contends that defendants used wanton and excessive force in making said arrest, and that defendants were liable because of the injury inflicted as a result of using such wanton and excessive force.

The rule is well stated in the case of Powers v. Sturtevant, 199 Mass. 265, at page 266, where the court said:

"* * * That the defendant had a right to arrest the plaintiff and that it was the plaintiff's duty to go with him; and, if the plaintiff refused to go, the defendant had a right to use reasonable force to overcome the plaintiff's resistance, but had not the right to use unreasonable and unnecessary force or to wantonly or maliciously injure the plaintiff. The presiding justice further instructed the jury that if an officer was an honest man and was performing his duty and engaged in administering the law, he would perhaps under ordinary conditions be in a position to judge better than the court or the jury as to the force required and should be allowed considerable discretion and that that should go for something if he acted fairly and honestly without malice, or intention to injure or hurt the plaintiff. * * * The question is not whether the defendant acted without malice and in the honest belief that the force which he used was necessary, but whether under the circumstances the force used was in fact unreasonable and excessive; if so, to the extent of such excess it was unwarranted and unjustifiable, and the defendant was liable therefor. (Citing authorities.)"

In the case of Suell v. Derricott et al. (Ala.) 49 So. 895, at page 900, the court said:

"It will be observed that a distinction is made between felonies and misdemeanors, as to the amount of force that may be used to prevent the one or the other, or that may be employed to arrest persons, or to prevent the escape of persons who have committed the one or the other. It is not only the right of all persons to prevent felonies in certain cases, but at common law it was made the duty, and was made a misdemeanor known as misprision, for any person seeing a felony attempted, not to prevent it by force if necessary, and one who failed to discharge such duty was guilty of the misdemeanor called misprision of felony. Carpenter v. State, 62 Ark. 286, 36 S. W. 906."

In the case at bar the evidence discloses that plaintiff did not attempt to flee or resist arrest. In the darkness defendant Hulls could not determine what plaintiff was doing and shot and injured plaintiff. It was Hulls' duty to arrest plaintiff because he apprehended plaintiff in the commission of the particular offense. But since there was substantial evidence of the use of unreasonable and excessive force, defendants were liable therefor. This is not to be considered as a relaxation in any manner of the rule relative to liability of persons in making arrests, because we are mindful of conflict between the constituted governmental authorities and crime. We are also aware of the fact that the criminal element is doing everything within its power to hinder and break down the enforcement of law. Only in exceptional cases, where there is a strong showing of the use of excessive and unreasonable force, should the arresting person be held liable.

Defendants' second contention is that the judgment for $10,500 was excessive and unauthorized by the law and evidence in this case.

Plaintiff was not a skilled laborer. He was working on a farm at the time he was injured. He lost a part of his arm as a result of said injury, and testified that he incurred approximately $500 expenses in treating the same.

We further observe that he was engaged in a crime, to wit, stealing the property of defendant, at the time he was apprehended and injured.

The judgment of $10,500 allowed plaintiff for an injury received while stealing defendants' property appears to be excessive and should be reduced to the amount of $7,000, and, when reduced to such amount, we do not consider the same excessive.

Defendants' third contention is that the court erred in giving instruction No. 6. We have carefully gone over the instruction under consideration, and consider that said instruction fairly states the law applicable to the case at bar. We do not consider that the same is erroneous and the trial court committed no reversible error in giving said instruction.

After carefully considering said matter, we hold that said judgment is unreasonable and excessive and should be reduced to $7,000, and the case will be remanded to the district court, with instructions to give

348

the plaintiff the option of a modified judg-
ment fixing his damages at $7,000, with the
alternative that a new trial be granted.

SWINDALL, ANDREWS, OSBORN, and
BUSBY, JJ., concur.