COMMONWEALTH *vs.* ROGER LAPIERRE. August 22, 1980. The defendant appeals from his conviction on an indictment charging aiding, counseling or procuring the burning of a building (G. L. c. 266, § 2) on the sole ground that the trial judge erred in excluding evidence as to the bad reputation for truth and veracity of a key prosecution witness. There was no error.

The key witness had been a short order cook at the defendant's restaurant. The excluded evidence was that of a waitress at the restaurant who testified at a voir dire hearing that among her fellow workers, namely two waitresses and a cook, the key witness's reputation was that "she wouldn't know the truth if it hit her in the face."

Although by reason of G. L. c. 233, § 21A, evidence of a person's reputation is not limited to his reputation in the community in which he resides, but can also be shown by his reputation in the community in which he works, the trial judge has discretion to exclude such evidence if he determines that it is based on the opinions of too limited a group. See *Commonwealth* v. *Belton,* 352 Mass. 263, 269, cert. denied, 389 U.S. 872 (1967).

This is so because "evidence of specific . . . opinions may not be used to prove reputation . . . ." *Commonwealth* v. *United Food Corp.,* 374 Mass. 765, 769 (1978). The impeaching evidence must be of general reputation and not the private opinions of a few persons. *F.W. Stock & Sons* v. *Dellapenna,* 217 Mass. 503, 506 (1914). *Commonwealth* v. *Belton,* 352 Mass. at 269. See generally Leach & Liacos, Massachusetts Evidence 121-122 (4th ed. 1967). Compare Fed.R.Evid. 608(a) and proposed Mass.R.Evid. 608(a) (July, 1980). It is only where the sources are sufficiently numerous and general that they are viewed as trustworthy. *Commonwealth* v. *United Food Corp.,* 374 Mass. at 769. See *Commonwealth*

v. *Edmonds*, 365 Mass. 496, 503-504 (1974). See also McCormick, Evidence § 44, at 92-93 (2d ed. 1972); *People* v. *Colantone*, 243 N.Y. 134, 139 (1926); *People* v. *Paisley*, 214 Cal. App. 2d 225, 233 (1963).

"We hold that, in view of the extremely narrow compass of the [witness's] business associations . . . the judge in his discretion was warranted in ruling that there was not a sufficient basis for reputation testimony." *Commonwealth* v. *Belton*, 352 Mass. at 269.

*Judgment affirmed.*

*H. Hoover Garabedian* for the defendant.

*Lynn Morrill Turcotte*, Assistant District Attorney, for the Commonwealth.