COMMONWEALTH *vs.* ANTHONY GOMES. February 17, 1981. The defendant was convicted by a jury in the Superior Court of assault with intent to rape. On appeal the defendant claims that the trial judge erred in excluding evidence as to the bad reputation in the community for truth and veracity of the victim, the Commonwealth's key witness. There was no error.

The defendant sought to impeach the victim through the testimony of the victim's friend, one Kathy Hardrick. During a voir dire examination Hardrick testified that she had known the victim for "two years," and that she knew "at least five" other people who knew the victim and with whom she "at different times" had spoken about the victim. When asked about the victim's reputation in the community Hardrick indicated that "she exaggerates a little bit." In excluding this testimony the judge stated, "[W]e don't know who they are[,] what community they make up and who they are connected with."

A party's reputation is based on information from sources in the community who have come in contact with the person in question and who have the means of knowing what that person's general character is. "It is what is said of the person under inquiry in the common speech of his neighbors and members of his community or territory of repute, from which his reputation for truth or falsehood arises, and not what the impeaching witness may have heard others say who numerically may be few and insignificant." *F.W. Stock & Sons* v. *Dellapenna*, 217 Mass. 503, 506 (1914). A judge has discretion to exclude evidence of reputation if he determines that it is based on the opinions of too limited a group. *Commonwealth* v. *LaPierre*, 10 Mass. App. Ct. 871 (1980). "It is only where the sources are sufficiently numerous and general that they are viewed as trustworthy." *Ibid.*

In the instant case the defendant failed to establish the community or "territory of repute" of the impeaching witness. The witness merely

stated that she knew five people who know the victim. There was no indication as to the identity of the people or in what context they were familiar with the victim.

The showing made that the witness Tully knew the victim's general reputation in the community was equally deficient. Although it is conceivable that school may be a "community" from which the witness's reputation may be drawn (compare G. L. c. 233, § 21A), it is clear that Tully's statement that he had "heard other teachers make remarks about her behavior and her performance at school" constituted private opinions of a few persons, and not evidence of general reputation. *Commonwealth* v. *LaPierre, supra.*

We thus conclude that in the circumstances presented here the judge in his discretion was warranted in ruling that there was not a sufficient basis for admission of the proffered testimony. *Commonwealth* v. *Belton*, 352 Mass. 263, 269, cert. denied, 389 U.S. 872 (1967).

*Judgment affirmed.*

*Ellen A. Howard* for the defendant.

*William T. Walsh, Jr.,* Assistant District Attorney, for the Commonwealth.