COMMONWEALTH *vs.* WILLIAM MARLER. April 27, 1981. The defendant, an acting police sergeant, has appealed from his convictions by a jury of assault and battery on separate indictments charging him with the commission of that offence on one Anderson and with the manslaughter of one Brown. See *Commonwealth* v. *Burke,* 342 Mass. 144 (1961), *S.C.,* 344 Mass. 243, 244-245 (1962). 1. On the theory on which the Anderson indictment was tried and under the particulars filed by the prosecution with respect to the Brown indictment, neither offence could have been

committed until such time as the defendant (according to his testimony) had decided not to arrest either man for the theft from Callinan's car but had decided instead to take both men into protective custody (G. L. c. 111B, § 8, as amended through St. 1973, c. 1143) because they were intoxicated. In the circumstances, the defendant's sixth request for an instruction was sufficient to impose on the judge a duty (never fulfilled) to instruct the jury on both indictments that a police officer has the right to use "such force as is reasonably necessary" (G. L. c. 111B, § 8) to take an intoxicated person into protective custody and that an officer so acting or attempting to act must be acquitted (see G. L. c. 111B, § 13, inserted by St. 1973, c. 586, § 1) unless the jury should be convinced beyond a reasonable doubt that the officer used more force than was reasonably necessary in the circumstances. See *Powers* v. *Sturtevant,* 199 Mass. 265, 266 (1908), *S.C.,* 200 Mass. 519 (1909); *Commonwealth* v. *Campbell,* 352 Mass. 387, 398 (1967); *Commonwealth* v. *Vanderpool,* 367 Mass. 743, 746 (1975); *Commonwealth* v. *Martin,* 369 Mass. 640, 644 (1976); *Commonwealth* v. *Rodriguez,* 370 Mass. 684, 687-689 (1976); *Commonwealth* v. *Klein,* 372 Mass. 823, 831, 834 (1977); *Commonwealth* v. *Schnopps,* 383 Mass. 178, 181, 182 (1981); *Commonwealth* v. *Thurber,* 383 Mass. 328, 331 (1981); *Commonwealth* v. *Carson,* 10 Mass. App. Ct. 920, 921 & n.1 (1980); *Commonwealth* v. *Deagle,* 10 Mass. App. Ct. 748, 750-751, 751-752 (1980); *Commonwealth* v. *Brown,* 10 Mass. App. Ct. 935, 936 (1980). 2. The judge was technically correct in excluding evidence of Brown's reputation for either attempting to flee or being violent when arrested until such time as evidence should be introduced that the defendant was aware of that reputation at the time he first touched Brown. See *Commonwealth* v. *Connolly,* 356 Mass. 617, 625-626, cert. denied, 400 U.S. 843 (1970); *Commonwealth* v. *Edmonds,* 365 Mass. 496, 501-504 (1974); *Commonwealth* v. *Gibson,* 368 Mass. 518, 526-527 (1975); *Commonwealth* v. *Roberts,* 378 Mass. 116, 128-129 (1979). Some of the rulings on this point seem overly restrictive when viewed in light of the prior testimony of Brown's brother that he (Brown) had been arrested or taken into protective custody some seventy-five times within the previous eighteen months, but the defendant was not harmed because he was ultimately permitted to testify to Brown's reputation for flight or violence and that he had been aware of it before he touched the man. 3. It was error to allow the prosecutor to ask some of the defendant's witnesses as to his reputations for peacefulness, honesty and veracity whether they (the witnesses) would, in effect, change their testimony if they knew that the defendant had thrown two drunks into the water. *Commonwealth* v. *De Vico,* 207 Mass. 251, 253 (1911). *Commonwealth* v. *Roberts,* 378 Mass. at 129. *Commonwealth* v. *LaPierre,* 10 Mass. App. Ct. 871, 871-872 (1980). 4. It was also error to allow the prosecutor to ask some of the same witnesses whether they would, in effect, change their testimony if they knew that some eight years earlier the defendant

had received an official reprimand for addressing foul language to a civilian. See *Commonwealth* v. *Binkiewicz*, 342 Mass. 740, 754-755 (1961); *Commonwealth* v. *Spare*, 353 Mass. 263, 266-267 (1967). 5. The other questions which have been briefed either were waived at the argument or are not likely to arise at a further trial.

*Judgments reversed.*

*Verdicts set aside.*

*John J. Jennings* for the defendant.

*Lila Heideman,* Assistant District Attorney (*Robert N. Weiner*, Assistant District Attorney, with her) for the Commonwealth.