COMMONWEALTH *vs.* ALBERT KAMISHLIAN. December 16, 1985. *Assault by Means of a Dangerous Weapon. Self-Defense. Evidence*, Reputation. *Practice, Criminal*, Conduct of prosecutor, Instructions to jury.

The defendant was charged with assault by means of a dangerous weapon, to wit, a handgun. He was convicted at a bench trial and appealed to a jury-of-six session. After a jury trial, he was again found guilty. On appeal the defendant has raised four issues. They are: (1) whether the judge erred in denying the defendant's motion for a required finding of not guilty; (2) whether the judge erred in denying admission in evidence of the victim's nickname; (3) whether the conduct of the prosecutor unfairly prejudiced the defendant; and (4) whether the jury were properly instructed on the elements of the crime of assault by means of a dangerous weapon and on the issue of self-defense.

Based on the evidence most favorable to the Commonwealth, the jury could have found the following facts. On September 8, 1982, the defendant, a constable, went to a certain address in Watertown to serve papers on one Bowen, who he believed lived at that address. Upon ringing the doorbell, the defendant was greeted by the victim, who at that time resided at the address. The defendant told the victim that he had some papers for Bowen. The victim informed the defendant that Bowen had not resided at the address for some time.

Two days later the defendant returned to the address. Shortly after the defendant's arrival, the victim returned home. As he approached his driveway, he saw the defendant putting some papers under the front door. While still in his car, the victim again told the defendant that Bowen no longer resided at the address. He also said that he did not want the defendant's "garbage" on his porch and that he intended to throw the papers away.

The victim then pulled his automobile into his driveway, parked it, and got out. He walked in a normal pace toward the back of his car, which was approximately three feet in from the sidewalk. By this time, the defendant had left the porch and was walking toward his own automobile, which was parked across the street from the victim's residence. When the victim reached the back of his automobile, he saw the defendant, who was then standing near his own car, take two steps back and pull out a .45 caliber pistol. At that time, the defendant was approximately fifteen to twenty feet from the victim.

The victim was frightened and told the defendant to put the gun away and that he was not going to strike the defendant or even approach him. The defendant put the gun away after having it out for about fifteen to twenty seconds.

1. *Denial of the motion for required finding of not guilty.* The defendant contended at the trial that he was acting in self-defense when he displayed the gun to the victim. In support of that contention, he offered evidence that he had told a police officer immediately after the incident that the victim had come at him in a "lope" and that he felt threatened. The defendant also testified that before he displayed the gun the victim was running at him with his fists clenched and that the victim's right arm came in contact with his left wrist.

The defendant filed a motion for a required finding of not guilty at the close of the Commonwealth's case. The motion was denied. The motion was renewed at the close of all the evidence and again denied. The defendant argues that the denials were error because the Commonwealth failed to introduce sufficient evidence to show that the defendant had not acted in self-defense. There was no error.

To determine whether there was sufficient evidence of the defendant's guilt, we review only the evidence introduced during the Commonwealth's case in chief. *Commonwealth* v. *Kelley*, 370 Mass. 147, 150 (1976).[1] Once self-defense is put in issue, the Commonwealth must prove that the defendant did not act in self-defense. *Commonwealth* v. *Stokes*, 374 Mass. 583, 593 (1978). "[W]hen [self-defense] is raised, it is for the jury to consider on proper instructions, and when error is claimed with respect to a [denial of a required finding of not guilty, an appellate court] is obliged to consider

[1] The Commonwealth's position as to proof did not deteriorate during the presentation of the defendant's evidence. *Commonwealth* v. *Amazeen*, 375 Mass. 73, 80 n.5 (1978).

the evidence in its light most favorable to the Commonwealth." *Common-wealth* v. *Fluker*, 377 Mass. 123, 128 (1979). Viewed in that light, the evidence was clearly sufficient to permit the jury to conclude beyond a reasonable doubt that the defendant had not acted in self-defense. Even if we consider the defendant's motion at the close of all the evidence, there was no error. "Jurors 'are entitled to disbelieve the evidence that the defendant acted in self-defense. There is no constitutional principle which bars the conviction of a defendant when there is evidence warranting . . . but not requiring, a finding that the defendant acted in self-defense.'" *Common-wealth* v. *Lamrini*, 392 Mass. 427, 431 (1984), quoting from *Commonwealth* v. *Fluker, supra.*

2. *Exclusion of victim's nickname.* In support of his claim of self-defense, the defendant sought to introduce evidence that at some time in the past, the victim was known as "Weapon." The judge excluded the evidence. The defendant argues that the victim's purported "nickname" was admissible because it showed the victim's "propensity for violence."

We assume but do not decide that evidence establishing that the victim had a nickname of "Weapon" is equivalent to evidence that the victim had a reputation for being violent or quarrelsome. If self-defense is raised as an issue, evidence tending to show that the victim had such a reputation is admissible, provided that there is evidence that the defendant knew of that reputation. *Commonwealth* v. *Dilone*, 385 Mass. 281, 285 (1982). *Common-wealth* v. *Hennessey*, 17 Mass. App. Ct. 160, 167 (1983). Here, there was no evidence the defendant knew of the victim's nickname. Therefore, because the essential foundation for the admission of such evidence was lacking, it was not error to exclude evidence of the victim's nickname.

3. *Alleged prosecutorial misconduct.* The defendant contends that, because of alleged errors committed by the prosecutor in the presentation of the Commonwealth's case, his right to a fair trial was impaired. In particular, he claims that the prosecutor asked two questions which were designed to convey to the jury the impression that the defendant had committed crimes in the past similar to the crime for which he was on trial.[2]

A witness for the defendant testified that the defendant had an excellent reputation for truth and veracity. On cross-examination the witness was asked by the prosecutor whether his opinion would change if he knew that the defendant had been accused by an individual of having assaulted and threatened her while serving process. The judge sustained the defendant's objection. The next question asked by the prosecutor of the witness was as

---

[2] The defendant also argues that a series of questions asked by the prosecutor about the type of gun displayed by the defendant to the victim, its ammunition, and the kind of firearm's license possessed by the defendant at the time of the incident was improper. The judge permitted the prosecutor to ask the questions and overruled the defendant's objections. On this record, there is no showing that the asking of the questions was improper.

to whether the witness's opinion would change if the witness knew that the defendant had pulled a gun on another individual. Again the defendant's objection was sustained.

The questions were improper and should not have been asked. *Commonwealth* v. *DeVico*, 207 Mass. 251, 253 (1911). *Commonwealth* v. *Roberts*, 378 Mass. 116, 129 (1979). *Commonwealth* v. *Marler*, 11 Mass. App. Ct. 1014, 1015 (1981).[3] We cannot say, however, that the mere asking of the questions requires reversal. As a result of the judge's actions in sustaining the defendant's objections, the witness was not permitted to answer the questions. We fail to see the manner in which the defendant suffered prejudice. See *Commonwealth* v. *Burke*, 373 Mass. 569, 574 (1977). There was not any motion for a mistrial or a request for curative instructions, which is some indication that defense counsel believed that the judge's actions in sustaining the defendant's objections was sufficient to forestall any prejudice from the asking of the questions.

4. *Alleged errors in the judge's instructions to the jury.* The defendant claims that the judge committed several errors in his instructions to the jury. He did not object to the instructions as given, and therefore the question before us is whether the instructions created a substantial risk of a miscarriage of justice. *Commonwealth* v. *Doucette*, 391 Mass. 443, 450 (1984).[4] We have considered the charge with that test in mind and conclude, not only that the charge creates no such risk, but that the charge, as a whole, was free of error.

*Judgment affirmed.*

*Karen L. McNutt* for the defendant.
*Maria Cosentino*, Assistant District Attorney, for the Commonwealth.


---

[3] At least there was a factual basis in the record for the prosecutor to ask the second question. There was evidence that the defendant had told a police officer after the incident that he had done the same thing "to another guy with a .357 but he wasn't afraid." In his brief the defendant contends that the defendant's statement should not have been admitted in evidence. The argument is contained in one sentence. We do not consider the defendant's contention because it was not sufficiently briefed within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

[4] The defendant claims that the judge did not give him any time to record his objections to the charge. Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979), provides that "[u]pon request, reasonable time shall be given to each party to object to the charge before the jury retires." There is nothing in the record that shows that the defendant made any such request.