A jury convicted the defendant, Craig Kuzia, Jr., of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A(b ). The defendant appeals, asserting that the trial judge should have granted his motions for a required finding of not guilty because on this evidence the Commonwealth failed to disprove the defenses of necessity and self-defense.[2] We disagree and affirm.
In reviewing the denial of a motion for a required finding of not guilty, we "consider and determine whether the evidence, in its light most favorable to the Commonwealth, notwithstanding the contrary evidence presented by the defendant, is sufficient ... to permit the jury to infer the existence of the essential elements of the crime charged." Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), quoting from Commonwealth v. Sandler, 368 Mass. 729, 740 (1975). This is also true when the defendant raises the issue of self-defense. Commonwealth v. Kamishlian, 21 Mass. App. Ct. 931, 932-933 (1985). "Once self-defense is put in issue, the Commonwealth must prove that the defendant did not act in self-defense." Id. at 932. "There is no constitutional principle which bars the conviction of a defendant when there is evidence warranting ... but not requiring, a finding that the defendant acted in self-defense." Commonwealth v. Fluker, 377 Mass. 123, 128 (1979).
In this case, self-defense was a live issue at trial. Therefore, we review the evidence in the light most favorable to the Commonwealth to determine whether the evidence was sufficient for the jury to have found the absence of self-defense beyond a reasonable doubt. On this record, we conclude, as did the trial judge, that the evidence was sufficient.
Despite conflicting testimony to the contrary, the jury could have found the following facts. See Kamishlian, supra at 933, quoting from Commonwealth v. Lamrini, 392 Mass. 427, 431 (1984) ("Jurors 'are entitled to disbelieve the evidence that the defendant acted in self-defense' "). On September 12, 2015, Michael Carlow pulled into the driveway of Dawn Carol, a friend and former girl friend. Carlow wanted to see Carol because he had loaned her twenty dollars earlier. The defendant then drove up behind Carlow and blocked the driveway's entrance. The defendant and Carol were in a complicated romantic relationship at the time.
The defendant then got out of his vehicle, and, swinging a "breaker bar,"[3] went up to Carlow. Carlow was still seated in his vehicle. Speaking aggressively, the defendant asked Carlow what he was doing there. Upon seeing the defendant raise the breaker bar over his head, Carlow quickly drove his vehicle over an embankment by the end of the driveway, onto the street. Carlow parked the car, got out of his vehicle, and asked the defendant what was going on.
At that point, the defendant came toward Carlow, swinging the breaker bar. Carlow backed up and grabbed a rock or piece of asphalt from the ground, telling the defendant to back off. The two yelled at each other and Carlow dropped the asphalt rock and turned to get back into his car. The defendant followed Carlow. The two were now adjacent to Carlow's car. Carlow turned to face the defendant, and the defendant struck a blow to Carlow's head with the breaker bar, causing a head laceration and bleeding. This evidence, if credited by the jury, was sufficient to support the elements of assault and battery by means of a dangerous weapon[4] and the absence of self-defense.[5]
The evidence also sufficiently negated the elements of a necessity defense.[6] The defense of necessity "exonerates one who commits a crime under the 'pressure of circumstances' if the harm that would have resulted from compliance with the law ... exceeds the harm actually resulting from the defendant's violation of the law." Commonwealth v. Hood, 389 Mass. 581, 590 (1983), quoting from Commonwealth v. Brugmann, 13 Mass. App. Ct. 373, 376-377 (1982). Given the competing narratives, it was for the jury to weigh credibility and any competing harms. The jury were free to credit or discredit "any evidence offered by either party relating to the availability of such [a] defense[ ]." Commonwealth v. Haddock, 46 Mass. App. Ct. 246, 249 (1999). Here, because the Commonwealth's evidence, if believed, sufficiently negated the elements of a necessity defense, the judge properly denied the defendant's motions for a required finding of not guilty. We discern no error.
Judgment affirmed.

The defendant moved for a required finding of not guilty both at the close of the Commonwealth's case-in-chief and at the close of all the evidence.

A "breaker bar" is a "long pipe used for a car wrench."

To convict under G. L. c. 265, § 15A(b ), the Commonwealth must prove that the defendant intentionally applied force against the victim by means of a dangerous weapon. Salemme v. Commonwealth, 370 Mass. 421, 424 (1976). To the extent the defendant raises a separate challenge to the sufficiency of the evidence, his argument does not rise to the level of appellate argument, and we do not consider it. Commonwealth v. Anderson, 445 Mass. 195, 214-215 (2005).

To show that the defendant did not act in self-defense, the Commonwealth must prove that the defendant did not reasonably believe that he was under attack and in imminent danger of death or serious bodily harm, or that he did not use reasonable efforts to avoid combat, or that he used greater force than was necessary to defend himself. Commonwealth v. Baseler, 419 Mass. 500, 503 & n.3 (1995).

The defense of necessity was not argued at trial by the defendant and the defendant did not request an instruction on this defense.