The defendant appeals from his conviction, after a jury-waived trial, of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (b ). On appeal, he raises two arguments concerning his defense of self-defense. First, the defendant contends that the judge's finding that he did not actually believe that he was in immediate danger of death or serious bodily injury was clearly erroneous because it was based on an incorrect subsidiary finding that the defendant's trial testimony differed from his testimony before the grand jury. Second, the defendant argues that the evidence was insufficient to prove beyond a reasonable doubt that he did not actually believe he was in immediate danger of death or serious bodily injury. We affirm.
The trial judge made extensive oral findings at the conclusion of the trial. The defendant argues clear error with respect to one of them, namely the judge's finding that the defendant did not testify before the grand jury that the victim "wiggled and therefore he became fearful she was going to attack him." Because that finding was clearly erroneous, he argues, it was also clear error when the judge found that the defendant's trial testimony differed from his grand jury testimony on this point. It follows, he contends, that the judge therefore could not discredit his testimony that the victim's "wiggling" caused him to actually believe he was in immediate danger of death or serious bodily injury.
The record presented to us does not include a copy of the grand jury testimony. However, the trial transcript reflects that the defendant, during cross-examination, was shown a copy of the grand jury testimony by the prosecutor who read passages from it, including one where the defendant testified that the victim was "wiggling her shoulders and at that point I d[id]'t know if she has a knife or anything on her." On this basis, it appears that the defendant is correct that the judge erred in finding that the defendant's trial testimony differed from his grand jury testimony.
However, the remainder of the defendant's argument does not follow. First, the supposed contradiction was not the sole basis for the judge's finding regarding the defendant's state of mind. Indeed, in the very sentence of the judge's findings upon which the defendant focuses, the judge stated that, "given the circumstances as a whole [I find] that the Commonwealth has proved beyond a reasonable doubt that Mr. Daley did not actually believe when he stabbed Miss Brown that he was in immediate danger of death or serious bodily injury" (emphasis added). Moreover, the judge stated that he could infer the defendant's state of mind from many circumstances, which he then proceeded to outline in extensive detail over several pages of transcript. It is thus clear that the judge's finding concerning the defendant's actual belief did not rest on the supposed contradiction alone.
Second, given the judge's explicit rejection of the defendant's claim that he had seen the victim with a knife in her hand, the victim's "wiggling" (even if credited), would not have given the defendant reasonable ground to believe he was in imminent danger of death or serious bodily injury from which he could save himself only by deadly force. See Commonwealth v. Cataldo, 423 Mass. 318, 321 (1996) (defendant must have "a reasonable belief that [he] is in imminent danger of death or serious bodily harm, and that no other means will suffice to prevent such harm"); Commonwealth v. Houston, 332 Mass. 687, 690 (1955) ("In order to create a right to defend oneself with a dangerous weapon likely to cause serious injury or death, it must appear that the person using the weapon had a reasonable apprehension of great bodily harm and a reasonable belief that no other means would suffice to prevent such harm"). "For such a belief to be reasonable, the victim must have committed some overt act against the defendant. If an assault includes the threat of an action that would cause the defendant serious bodily injury, this is sufficient to require such an instruction. Self-defense using deadly force is not justified in the absence of such a threat." Commonwealth v. Pike, 428 Mass. 393, 396 (1998), citing Commonwealth v. Taylor, 32 Mass. App. Ct. 570, 578 (1992) ("victim's possession of gun did not justify defendant's actions, claimed to be done in self-defense, in absence of evidence that victim overtly threatened defendant with gun"). Wiggling, without more, was not enough. See Commonwealth v. Klein, 372 Mass. 823, 829, 831 (1977) (deadly force cannot be used to prevent escape of one who has committed felony involving property).
We are also unpersuaded by the defendant's argument that the evidence was insufficient to prove that he did not act in self-defense. Commonwealth v. Kamishlian, 21 Mass. App. Ct. 931, 932 (1985) ("Once self-defense is put in issue, the Commonwealth must prove that the defendant did not act in self-defense").[2] However, "[t]here is no constitutional principle which bars the conviction of a defendant when there is ... evidence warranting, but not requiring, a finding that the defendant acted in self-defense." Commonwealth v. Fluker, 377 Mass. 123, 128 (1979).
Here, viewed in the light most favorable to the Commonwealth, the evidence permitted the judge to find that the victim was unarmed and moving away from the defendant with her back to him, that the defendant pursued the victim and attacked her, that the victim tried to get away from the stabbing, and that the defendant had the opportunity to avoid the confrontation or remove himself once it began. The judge also could have credited generally the victim's testimony that she did not threaten the defendant's personal safety, either verbally or physically, before he attacked her and the defendant's own testimony that he initiated the attack in order to recover his personal property. On these facts, "[a] rational [fact finder] could thus infer that the defendant had no reasonable basis to believe that he was in imminent danger of suffering death or serious bodily harm from the victim and that he had not 'availed all proper means to avoid physical combat.' " Commonwealth v. McAfee, 430 Mass. 483, 496 (1999), quoting Commonwealth v. Niemic, 427 Mass. 718, 722 (1998).
Judgment affirmed.

Deciding as we do, we need not address the Commonwealth's argument that the evidence, even when viewed in the light most favorable to the defendant, did not suffice to put self-defense in issue.