After a bench trial, the defendant, Manuel Ramos, was convicted of the forcible rape of a child under sixteen, G. L. c. 265, § 22A ; assault of a child under sixteen with intent to rape, G. L. c. 265, § 24B ; and two counts of indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B. On appeal he maintains that the trial judge erred by excluding evidence regarding his reputation for good character. We affirm.
Background. The Commonwealth filed a pretrial motion in limine to exclude character evidence. At trial, defense counsel attempted to elicit testimony from the defendant's wife's niece, who had met the defendant around the age of ten and who had known the defendant for some twenty-six years. The niece had not lived in the defendant's community, the city of Springfield, for over twenty years, having moved to Athol. The niece continued to see the defendant at house parties and on family trips.
Defense counsel first asked the niece to comment on the defendant's general reputation in the community and his interactions with children. After an objection was sustained, counsel asked, "Based on your observations of [the defendant] in the Springfield community with other children, with your own children, and with other people; what is your opinion of his general reputation in the community?" The judge sustained the objection both for lack of foundation and because the evidence did not constitute admissible evidence of reputation.
Discussion. The exclusion of reputation testimony is reviewed for an abuse of discretion. See Commonwealth v. Belton, 352 Mass. 263, 269 (1967), cert. denied, 389 U.S. 872 (1967). The judge properly excluded the testimony for lack of foundation. Only "evidence of a defendant's general reputation in his community or at his workplace is admissible." Commonwealth v. Walker, 442 Mass. 185, 198 (2004). See Commonwealth v. Dockham, 405 Mass. 618, 631 (1989), and cases cited (reputation in community); G. L. c. 233, § 21A (reputation in place of work or business).
The niece had lived outside the defendant's community for over twenty years, and did not work with the defendant. "A judge has discretion to exclude evidence of reputation if [s]he determines that it is based on the opinions of too limited a group.... 'It is only where the sources are sufficiently numerous and general that they are viewed as trustworthy' " (quotation omitted). Commonwealth v. Gomes, 11 Mass. App. Ct. 933, 933 (1981). Here, the niece's connection to the defendant's community was too attenuated to permit her to comment on the defendant's reputation in that community. See Commonwealth v. Moore, 379 Mass. 106, 115 (1979) (no abuse of discretion to exclude reputation testimony of witness who left community seven years earlier, despite her ongoing business and social connections to community). Moreover, her knowledge of the defendant's reputation was based on reports by family members living in Springfield, not the community at large. See Belton, 352 Mass. at 267-269 (poll of three coworkers insufficient); Commonwealth v. Phachansiri, 38 Mass. App. Ct. 100, 109 (1995) (reputation testimony based on opinions of "about ten to twelve" people properly excluded).
The testimony was inadmissible for an additional reason. Character evidence is inadmissible to prove that a person acted in a manner consistent with the character trait on a particular occasion. Commonwealth v. Morales, 464 Mass. 303, 310 n.13 (2013). Nonetheless, a " 'defendant in a criminal case may present evidence of a good reputation with respect to the elements of the crime charged,' but not 'evidence in the form of private opinions.... Personal opinions, without more, simply cannot substantiate a defendant's good character.' " Commonwealth v. Chambers, 465 Mass. 520, 536 (2013), quoting Walker, 442 Mass. at 198-199.[2] However, the evidence the defendant offered was not reputation evidence. See Mass. G. Evid. §§ 404 (a) (2) (A), 405 (a) (2018). The proposed testimony was evidence of the personal opinion of the witness. See Walker, supra. "Personal opinions and isolated acts are not evidence of general reputation." Commonwealth v. Benjamin, 430 Mass. 673, 678 n.6 (2000), quoting Commonwealth v. Roberts, 378 Mass. 116, 129 (1979).
The defendant further contends that the "significant jurisprudential and evidentiary imbalance faced by defendants in sexual assault cases" should lead this court to expand the scope of permissible forms of character evidence in order to protect a criminal defendant's constitutional right to present a defense. However, the Supreme Judicial Court has rejected a similar request to permit proof of character by evidence of personal opinion. Walker, supra at 198 ("We reject the defendant's request to alter the settled law concerning the admission of character evidence").
Finally, the defendant suggests that we should "expand" the common law of evidence, as summarized in Mass. G. Evid. § 405 (b) (2018), to permit a defendant to introduce evidence of specific instances of good conduct in child sexual assault cases. Cf. Commonwealth v. Bradshaw, 94 Mass. App. Ct. 477, 480-483 (2018) (prior instances of uncharged conduct involving minors admissible in sexual dangerousness proceeding to show likelihood of reoffense). The testimony offered at trial was offered only as reputation evidence and we decline to address this argument for a change in the law without any record to support it. On the present record we discern no reversible error, and no substantial risk of a miscarriage of justice.
Judgments affirmed.

We agree with the defendant that the judge erred when she ruled that a criminal defendant may only introduce reputation evidence of his character for truthfulness or untruthfulness. The scope of reputation evidence that may be offered about a criminal defendant is broader. Compare Mass. G. Evid. § 404 (a) (3) (2018) (evidence of a witness's character for truthfulness) with Mass. G. Evid. § 404 (a) (2) (A) (2018) (admissibility of reputation evidence of the "pertinent trait" of a criminal defendant).