NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-807

COMMONWEALTH

vs.

BRANDON FERREIRA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in the District Court, the defendant was found guilty of assault and battery on a family or household member.[1] On appeal, he contends that the judge erred in denying his motions for a required finding of not guilty, both at the close of the Commonwealth's case and at the close of all the evidence, because the Commonwealth's case-in-chief rested on "illogical speculation," and the Commonwealth failed to disprove that he acted in self-defense. We affirm.

Discussion. In reviewing the denial of a motion for a required finding of not guilty, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

---

[1] The judge found the defendant not guilty of violating an abuse prevention order.

essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979). We apply the same standard in assessing whether there was sufficient evidence to prove that the defendant did not act in self-defense. See Commonwealth v. Kamishlian, 21 Mass. App. Ct. 931, 932 (1985) ("Once self-defense is put in issue, the Commonwealth must prove that the defendant did not act in self-defense").

Despite conflicting testimony to the contrary, the trial judge could have found the following facts. See Commonwealth v. Kapaia, 490 Mass. 787, 793 (2022) ("'[i]t does not matter that some of the evidence could be characterized as equivocal or contradictory,' as '[c]redibility is a question for the [fact finder] to decide; [the fact finder] may accept or reject, in whole or in part, the testimony presented'" [citations omitted]).

On the evening of July 26, 2021, the victim obtained an emergency abuse prevention order against her then-husband, the defendant. The next morning, the victim was in her bedroom getting ready to attend a court hearing to request an extension of the order when she heard the front door unlock, followed by the defendant entering the home. The victim began to dial 911 until the defendant entered the room, pushed her, and slapped or grabbed the phone out of her hands. A struggle ensued, where

2

the defendant pushed the victim multiple times as she tried to retrieve her phone from him. Eventually, the victim ran to the front door to call for help. The defendant then stepped out onto the front porch and threw the victim's phone into the street. The victim went and grabbed the phone and then ran up the street to seek help from a neighbor. Moments later, the defendant walked away from the scene, prompting the victim to run back to the house and call 911. This evidence, if credited by the judge, was sufficient to support the elements of assault and battery on a family or household member[2] and the absence of self-defense.[3]

---

[2] To sustain a conviction for assault and battery on a family or household member, the Commonwealth must prove that (1) the defendant intentionally touched the victim, (2) the touching was likely to cause bodily harm or was offensive, and (3) the defendant and victim were family or household members at the time of the offense. See G. L. c. 265, § 13M (a). See also Commonwealth v. Dustin, 476 Mass. 1003, 1004-1005 (2016); Commonwealth v. Eberhart, 461 Mass. 809, 818 (2012). The Commonwealth's theory was that the defendant's pushing of the victim as she tried to retrieve her phone from him constituted an offensive touching.

[3] To satisfy its burden of proving, beyond a reasonable doubt, that the defendant did not act in self-defense, the Commonwealth had to establish that one of the following factors did not exist: "(1) the defendant had reasonable concern for his personal safety; (2) he used all reasonable means to avoid physical combat; and (3) 'the degree of force used was reasonable in the circumstances, with proportionality being the touchstone for assessing reasonableness'" (citation omitted). Commonwealth v. King, 460 Mass. 80, 83 (2011). The defendant's claim of self-defense was not directed at the operative assault -- the initial pushing of the victim as she tried to retrieve her phone, but rather, related to a later incident where the

3

The defendant's claim that the Commonwealth's case rested on illogical speculation is directed more to the weight and credibility of the victim's testimony, rather than the sufficiency of the evidence presented.[4] It is well settled that "[i]f, from the evidence, conflicting inferences are possible, it is for the [fact finder] to determine where the truth lies, for the weight and credibility of the evidence is wholly within [the fact finder's] province." Commonwealth v. Lao, 443 Mass. 770, 779 (2005) S.C., 450 Mass. 215 (2007) and 460 Mass. 12 (2011). Thus, the judge was entitled to reject any evidence supporting the existence of self-defense. See., e.g., Commonwealth v. Ruci, 409 Mass. 94, 97 (1991). See also Commonwealth v. Coffman, 84 Mass. App. Ct. 33, 38-39 (2013) ("Where, as here, the evidence at trial 'turns solely on the credibility of [the defendant's] witnesses,' the Commonwealth's

_____

victim jumped on the defendant's back in another effort to retrieve her phone.

[4] The defendant cites the following testimony of the victim as unbelievable and contrary to her claim that the defendant assaulted her: that the victim could not call 911 between the time that she heard the defendant enter the house and the time that he took the phone away from her, that the victim was pushed in the chest but had only a bruise in the calf, that the victim did not take opportunities to flee from the house and instead struggled with the defendant, and that the defendant was intent on attacking the victim but just walked away when he got outside. While these points may raise grounds for cross-examination and argument to the fact finder, they do not establish that the Commonwealth's theory of the case was based on "illogical speculation."

4

case cannot deteriorate" [citation omitted]).  We will not "substitute our judgment for that of the judge on credibility questions."  Commonwealth v. Werner, 81 Mass. App. Ct. 689, 698 (2012).  Further, contrary to the defendant's assertion, no conjecture was required for the judge to conclude that the defendant committed the assault and battery against the victim. See Commonwealth v. Santos, 100 Mass. App. Ct. 1, 3 (2021), and cases cited (victim's testimony alone may be sufficient to support a finding of guilt beyond a reasonable doubt).

In short, because the Commonwealth's evidence, if believed, negated the defendant's claim of self-defense and proved the elements of the crime charged, the judge properly denied the defendant's motions for a required finding of not guilty.

Judgment affirmed.

By the Court (Massing, Ditkoff & Singh, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  August 25, 2023.

---

[5] The panelists are listed in order of seniority.

5